WILLARD S. LEVINGS, trustee, *vs.* FORBES & WALLACE, INC.   December 11, 1981. 1. This matter has been before this court on an earlier occasion. See *Levings* v. *Forbes & Wallace, Inc.*, 8 Mass. App. Ct. 498, 504-506 (1979). It was remanded on October 24, 1979, "to the Superior Court for review of the orders made in response to the plaintiff's several motions for sanctions, and the modification of those orders in a manner consistent with" the opinion then issued which referred to "the long and dilatory course of . . . [the] litigation" in which on numerous occasions the defendant caused delay. See Mass.R.Civ.P. 37(b), 365 Mass. 798 (1974). The decision stated (at 505) that the "sanctions imposed fell far short of the cost to the plaintiff of obtaining discovery." This court

referred (at 505) to the "defendant's lack of conscientiousness in making discovery" as representing "abuse to which courts ought not to be subjected."

2. The case was heard in the Superior Court by a District Court judge sitting by statutory authority (hereinafter the hearing judge) after rescript on July 1, 1980, on an affidavit of the plaintiff's counsel, setting out in detail the time expended by him and his associates on various aspects of this case, including the discovery sought. As the written affidavits are the basis of decision, we are in essentially the same position as was the hearing judge to pass upon the amounts which should have been allowed as sanctions. We are of opinion that the hearing judge failed to comply adequately with the earlier opinion of this court.

3. Inadequate awards, in the aggregate amounting to $1,000, were made for the efforts of counsel in preparing memoranda relating to the motions to compel production of documents and for further answers to interrogatories. These were designed appropriately to assist the motion judges in deciding discovery issues. Under the 1979 rescript, the time of counsel reasonably spent in their preparation, in related research, and in attendance at court, should have been taken into account in fixing sanctions for the defendant's dilatory tactics. The 1979 opinion made clear that the plaintiff was to be allowed the reasonable cost of obtaining at least these aspects of discovery. From the affidavit presented to the hearing judge after rescript, we conclude that the charges for the services of the plaintiff's counsel and an associate, actually made in 1975 to the plaintiff and paid by him, in general were reasonable and should be allowed in the aggregate amount of $1,750 (less the amounts of $575 heretofore paid by the defendant). This leaves a balance of $1,175, all of which, we conclude, should have been paid not later than May 18, 1976, when the judge hearing the motion of May 5, 1976, imposed the later of two inadequate sanctions.

4. The hearing judge allowed interest on the sanctions as finally granted only from the date of the 1979 rescript of this court. In view of the dilatory tactics of the defendant, interest on such sanctions should run from the date specified (May 18, 1976) in part 3 of this opinion, with appropriate credits for any later payments by the defendant (and, of course, corresponding reductions of the basis of accruing any later interest).

5. The plaintiff contends that the hearing judge did not deal adequately with certain other of his requests for monetary sanctions. The plaintiff has not adequately established the respects in which these requests were caused by the defendant's dilatory conduct. We do not grant these other requested sanctions.

6. The plaintiff's comprehensive 1980 affidavit states the extent of his counsel's preparation for, and attendance at, the hearing after rescript. For this work, we conclude that the plaintiff should be awarded a sanction of $1,250.

7. For the present appeal, which was necessary to collect the additional sanctions hereby allowed, the plaintiff is to be allowed all costs of appeal, of his brief and of the record appendix and a further sanction of $750 for attorney's fees on appeal.

8. The case is remanded to the Superior Court for the computation of interest pursuant to part 4 of this opinion and for the entry of judgment against the defendant and "the attorney advising" it (see final sentence of Mass.R.Civ.P. 37[b], *supra*) for the increased sanctions hereby allowed.

*So ordered.*

*Donald N. Sweeney* for the plaintiff.
*William K. Danaher, Jr.*, for the defendant, submitted a brief.