Joan F. **LANE**, d/b/a Lane & Company, Plaintiff,

v.

The **FIRST NATIONAL BANK OF BOSTON** and The Commonwealth of Massachusetts, Defendants.

Civ. A. No. 85–0520–H.

United States District Court, D. Massachusetts.

Dec. 21, 1989.

---

William F. Spallina, Newton, Mass., for plaintiff.

John M. Skenyon and Charles C. Winchester, Fish & Richardson, Boston, Mass., for Bank of Boston.

Judith Fabricant and Lisa A. Levy, Asst. Attys. Gen., Boston, Mass., for Harvey Beth, Edward Collins and Roberta Heinzmann.

## MEMORANDUM AND ORDER

HARRINGTON, District Judge.

Plaintiff Joan Lane has brought a cause of action against the Defendant Bank of Boston[1] for copyright infringement, violation of trade secrets, interference with prospective advantageous business relations, and for violation of Massachusetts General Laws Chapter 93A. The Bank bought from her a copyrighted computer tape which contained publicly available municipal Schedule A financial data about income and expenditures for fiscal year 1980, including handwritten additional categories known as "Adds." She alleges that the Bank made a copy of a printout of the "Adds" and gave the printout to Harvey Beth, a Commonwealth of Massachusetts Department of Revenue employee, without the plaintiff's authorization. Among other things, the jury found that the Commonwealth made no use of the printout and, thus, awarded no damages against the Bank for alleged copyright infringement. The court directed verdicts on the trade secret and the interference with a prospective advantageous business relations claims. The Court has heard a 93A claim against the Bank, and for reasons set forth below, the Court rules there is no violation of 93A.

Massachusetts General Law ch. 93A, § 2 declares that "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Mass. Gen.L. ch. 93A, § 11 applies to those acts by persons engaged in trade or commerce, *City of Boston, et al. v. Aetna Life Insurance Co., et al.,* 399 Mass. 569, 506 N.E.2d 106 (1987), and it creates certain remedies to such violations. *American Mechanical Corp. v. Union Machine Co. of Lynn, Inc., et al.,* 21 Mass.App. 97, 485 N.E.2d 680 (1985).

Whether a trade practice is "unfair" is determined by whether the act is (1) within at least the penumbra of common law, statutory or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive or unscrupulous; and (3) whether it causes substantial injury to other businessmen. *PMP Associates, Inc. v. Globe Newspaper Co.,* 366 Mass. 593, 596, 321 N.E.2d 915 (1978). A practice is "deceptive" if it "could reasonably be found to have caused a person to act differ-

---

1. Plaintiff Lane also brought a copyright infringement claim against three individual employees of the Commonwealth and the jury found no infringement.

ently from the way he otherwise would have acted." *Purity Supreme, Inc. v. Attorney General*, 380 Mass. 762, 407 N.E.2d 297 (1980) (citations omitted).

The term "unfair or deceptive acts" is broad enough to take in some reprehensible acts committed in business contexts that elude conventional definitions and categories. *Doliner v. Brown*, 21 Mass.App. 692, 489 N.E.2d 1036 (1986). Conduct which is unfair or deceptive "must attain a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce." *Levings v. Forbes & Wallace*, 8 Mass.App. 498, 504, 396 N.E.2d 149 (1979), *appeal after remand*, 12 Mass.App. 990, 429 N.E.2d 50 (1981). Chapter 93A does not require a showing that defendant's unfair or deceptive conduct was knowing or willful. *Giannasca v. Everett Aluminum, Inc.*, 13 Mass.App. 208, 213, 431 N.E.2d 596 (1982) (citing *Linthicum v. Archambault*, 379 Mass. 381, 398 N.E.2d 482 (1979)).

In a 93A action, a plaintiff must show a causal connection between deception and loss, and that loss was foreseeable as a result of the deception. *International Fidelity Ins. Co. v. Wilson*, 387 Mass. 841, 850, 443 N.E.2d 1308 (1983) (citing *Kohl v. Silver Lake Motors, Inc.*, 369 Mass. 795, 800–801, 343 N.E.2d 375 (1976)).

After considering all the evidence, I find that the Bank and Mrs. Lane entered into a joint project to create a system to organize municipal financial data. The Bank provided the computer resources and the computer personnel, while Mrs. Lane contributed the idea and basic instructions to extract and set apart the "Adds" from the existing Schedule A data. The Bank purchased the tape of Schedule A data for $5,000.00. I find that the Bank had the authority to make a copy of the printout of the "Adds" extractions from the Schedule A tape and to distribute such printout to Harvey Beth in order to seek his advice in assisting the Plaintiff Lane and the Bank in its creation of a municipal finance data base. I find further that the individual state defendants never used the copy of the "Adds" printout, which a Bank employee

gave to Harvey Beth, to create the Commonwealth's Improved Uniform Municipal Accounting System ("IUMAS") Chart of Accounts, their revised Schedule A form or the Schedule A data base. Based on these findings, I rule that there were no deceptive or unfair acts by the Bank, and there is no violation of Chapter 93A on the part of the Bank.