DONNA LINTHICUM vs. JOSEPH E. ARCHAMBAULT.

Worcester. September 14, 1979. — December 19, 1979.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, LIACOS, & ABRAMS, JJ.

*Consumer Protection Act,* Availability of remedy, Consumer, Business-
man's claim, Damages, Attorney's fees. *Practice, Civil,* Consumer
protection case, Costs. *Damages,* Consumer protection case. *Legal
Services Organization.*

A judge erred in refusing to consider a plaintiff's claim under G. L.
c. 93A on the ground that she had adequate relief under a contract
claim against the defendant. [383-384]
In an action under G. L. c. 93A for defects in a roofing job performed by
the defendant on the plaintiff's duplex house, the plaintiff was not a
personal consumer entitled to relief under § 9 where, at the time the
roofing contract was signed, one side of the duplex was rented and the
other was being prepared for new tenant occupancy, even though the
plaintiff was occupying one-half of the duplex house at the time of her
demand letter to the defendant; however, the judge's finding that
there was a material and substantial breach of warranty provided the
plaintiff with ample basis for recovery under § 11. [384-388]
In an action under G. L. c. 93A, § 11, the plaintiff was not entitled to
multiple damages where the defendant's breach of contractual war-
ranties was negligent rather than intentional. [388]
A plaintiff who successfully litigates a claim under G. L. c. 93A, § 11, is
entitled to attorney's fees and costs although the judge has discretion as
to the amount to be awarded pursuant to § 9 (4). [388-390]

CIVIL ACTION commenced in the Superior Court on De-
cember 21, 1977.

The case was heard by *McCooey,* J., a District Court
judge sitting under statutory authority.

The Supreme Judicial Court granted a request for direct
appellate review.

*Vida K. Brack* for the plaintiff.

ABRAMS, J. At issue is whether the plaintiff, who pre-
vailed on a breach of contract claim, is entitled to additional

relief under G. L. c. 93A. The trial judge found and ruled that the "plaintiff had a conventional claim in contract for breach of contract and of implied warranty for a reasonably good and workmanlike performance." The judge awarded the plaintiff damages for breach of contract but declined to consider her claims under G. L. c. 93A. The plaintiff appealed and we granted her motion for direct appellate review.[1] We hold that the plaintiff established a claim under G. L. c. 93A, § 11, and is entitled to attorney's fees and costs, but not to multiple damages. Thus, we reverse the judge's finding and ruling as to waiver[2] of the claims for costs and attorney's fees, but affirm his refusal to award multiple damages.

The plaintiff, coowner of a duplex house, which she had been renting to others from approximately August, 1975, received a complaint from a tenant in August, 1976, as to a leak in the front hallway area. At that time the plaintiff was preparing the other side of the house for new tenant occupancy. The plaintiff decided to have the roof of the duplex dwelling reshingled and she discussed the roofing job with the defendant.

On August 10, 1976, the defendant and the plaintiff signed a contract. The defendant agreed to reshingle the roof of the entire dwelling "in a workman-like manner according to standard practices" for $1,800. Shortly thereafter the plaintiff joined her husband, who was then stationed in California on military duty.[3] The plaintiff paid the defendant promptly on being notified that the job was completed.

---

[1] The defendant also filed a notice of appeal, but he did not prosecute his appeal.

[2] The judge found and ruled "that the insertion of a M.G.L.A. Chapter 93A Count or Consumer Protection Act Count in said Complaint was unnecessary to secure adequate relief for said plaintiff," and treated the plaintiff's requests for rulings under c. 93A as waived due to his finding in her favor on the contract claim.

[3] Because her husband, who was the other coowner, was absent on military duty, only the plaintiff signed the contract.

Although defects in the workmanship became apparent in the fall of 1976, the plaintiff did not complain to the defendant until the spring of 1977 when she returned to Massachusetts.[4] At that time the plaintiff notified the defendant of her dissatisfaction with his work. The defendant told the plaintiff that he would make some minor corrections, an offer which the plaintiff refused. The plaintiff and her husband moved into the house in July, 1977. The plaintiff then sent a demand letter pursuant to G. L. c. 93A, § 9 (3), to which the defendant made no written response, and thereafter commenced this lawsuit. After a trial, the plaintiff prevailed on the contract claim, but the judge declined to give the plaintiff any relief pursuant to her G. L. c. 93A claim.

The plaintiff's principal argument on appeal is that it was error for the judge to refuse to consider her claim under G. L. c. 93A. In this contention the plaintiff is clearly correct. As we have previously stated, G. L. c. 93A "is a statute of broad impact which creates new substantive rights and provides new procedural devices for the enforcement of those rights." *Slaney* v. *Westwood Auto, Inc.*, 366 Mass. 688, 693 (1975). Such relief is in addition to, and not an alternative to, traditional tort and contract remedies. *York* v. *Sullivan*, 369 Mass. 157, 164 (1975). See *Heller* v. *Silverbranch Constr. Corp.*, 376 Mass. 621, 626 (1978). The position adopted by the trial judge was specifically rejected in *Slaney*. "[W]here equity jurisdiction is specifically conferred by statute, it is no objection that the plaintiff also has a plain, adequate, and complete remedy at law." *Slaney, supra* at 700. Therefore, it was error for the trial judge to refuse relief under c. 93A because it was "unnecessary to secure adequate relief for said plaintiff," or because the plaintiff would thereby find herself "in a better position than she would have been in had the defendant fulfilled his

---

[4] The trial judge found that, by paying the defendant, the plaintiff had not waived her right to object to the defendant's performance because "said plaintiff could not be found to have waived defects in performance . . . which were then totally unknown by the plaintiff," due to her absence from the Commonwealth.

contractual obligations." Of course, a judge can refuse the requested relief if he or she rules that the plaintiff has not proved a right to relief, but that is a far cry from the action taken by the trial judge in the instant case.

We turn to the plaintiff's further argument that the pleadings and the judge's findings of fact show that she is entitled to relief under G. L. c. 93A, § 9, as matter of law.[5] Under the applicable version of the statute, relief under c. 93A was open to two classes of people. Section 9 governed private actions by consumers, persons who purchased or leased goods, services or property primarily for personal, family or household purposes. Section 11 provided remedies for those engaged "in the conduct of any trade or commerce." In order to recover under § 9 (as then in effect), a party was required to show: first, that he or she purchased or leased goods, services or property, real or personal primarily for personal, family or household purposes; second, that the defendant used or employed an unfair or deceptive

---

[5]The pertinent part of § 9, as it read at the time of trial, is as follows: "(1) Any person who purchases or leases goods, services or property, real or personal primarily for personal, family or household purposes and thereby suffers any loss of money or property, real or personal, as a result of the use or employment by another person of an unfair or deceptive act or practice declared unlawful by section two or by any rule or regulation issued under paragraph (c) of said section two may, as hereinafter provided, bring an action in the superior court whether by way of original complaint, counterclaim, cross-claim or third-party action for damages and such equitable relief, including an injunction, as the court deems to be necessary and proper." (Amended through St. 1978, c. 478, § 45, approved July 18, 1978; by § 343 effective July 1, 1978.)

As amended through St. 1979, c. 406, § 1, G. L. c. 93A, § 9 (1), now reads as follows: "(1) *Any person, other than a person entitled to bring action under section eleven of this chapter,* who has been injured by another person's use or employment of any method, act or practice declared to be unlawful by section two or any rule or regulation issued thereunder or any person whose rights are affected by another person violating the provisions of clause (9) of section three of chapter one hundred and seventy-six D may bring an action in the superior court, or in the housing court as provided in section three of chapter one hundred and eighty-five C whether by way of original complaint, counterclaim, cross-claim or third party action, for damages and such equitable relief, including an injunction, as the court deems to be necessary and proper" (emphasis supplied).

act or practice;[6] third, that the complaining party suffered loss of money or property, real or personal, as a result; and fourth, that a proper written demand for relief was sent to prospective defendants at least thirty days prior to filing the complaint. G. L. c. 93A, § 9 (1), (3), as amended through St. 1978, c. 478, § 45.

The main issue on which there is a dispute is whether the plaintiff's contract is one primarily for personal, family or household purposes. If the plaintiff is a personal consumer, she is entitled to relief under § 9. The plaintiff relies on the pleadings to establish her status as a § 9 consumer. She claims that the defendant's answer contains an admission that the contract is a "consumer contract" and hence she is entitled to multiple damage relief under § 9. The record does not bear out the plaintiff's claim.

The defendant admitted the contract was a "consumer contract" for purposes of the breach of implied warranty claim[7] but specifically denied the allegations contained in the plaintiff's complaint concerning G. L. c. 93A, with the exception that he admitted receipt of the plaintiff's demand

---

[6] As defined under G. L. c. 93A, § 2, as amended by St. 1978, c. 459, § 2:

"(a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

"(b) It is the intent of the legislature that in construing paragraph (a) of this section in actions brought under sections four, nine and eleven, the courts will be guided by the interpretations given by the Federal Trade Commission and the Federal Courts to section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C 45(a)(1)), as from time to time amended.

"(c) The attorney general may make rules and regulations interpreting the provisions of subsection 2(a) of this chapter. Such rules and regulations shall not be inconsistent with the rules, regulations and decisions of the Federal Trade Commission and the Federal Courts interpreting the provisions of 15 U.S.C. 45(a) (1) (The Federal Trade Commission Act), as from time to time amended."

[7] It is unclear whether the characterization of the contract as a "consumer contract" is significant when the breach of implied warranty claim is not related to a c. 93A claim, as was true in count 7 of the plaintiff's complaint. For other instances where consumer status is essential to recovery, see, e.g., G. L. c. 106, § 9-109 (1) and § 9-307 (2). See also G. L. c. 140C, § 1 (j) (aa) et seq. (Truth-in-Lending Act); 15 U.S.C. §§ 1601, 1602(h) et seq. (1976) (Consumer Credit Protection Act); H. Alperin & R. Chase, Consumer Rights and Remedies § 156, at 324 (1979).

letter, to which he made no written response. Rule 8 (e) (2) of Mass. R. Civ. P., 365 Mass. 749 (1974), authorizes a party to "set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses" and to "state as many separate claims or defenses as he has regardless of consistency." A litigant pleading inconsistent or alternative defenses under rule 8 (e) (2) "does not thereby run the risk of being held to have unwittingly pleaded himself into a . . . judgment." *Little* v. *Texaco, Inc.*, 456 F.2d 219, 220 (10th Cir. 1972). Therefore, alternative or inconsistent pleadings may not be used as binding judicial admissions. See *Continental Ins. Co.* v. *Sherman*, 439 F.2d 1294, 1298 (5th Cir. 1971). See also *Giannone* v. *United States Steel Corp.*, 238 F.2d 544, 547-548 (3d Cir. 1956). See generally 5 C.A. Wright & A.R. Miller, Federal Practice and Procedure §§ 1282 and 1283 (1969). Prior practice is to the same effect. "[F]acts stated in pleading one separate and complete defence cannot be used in determining the issue upon another separate and complete defence." *Herman* v. *Fine*, 314 Mass. 67, 69-70 (1943). Accord, *Stone & Webster Eng'r Corp.* v. *First Nat'l Bank & Trust Co.*, 345 Mass. 1, 4 (1962); *Beacon Motor Car Co.* v. *Shadman*, 226 Mass. 570, 578 (1917); 4 J. Wigmore, Evidence § 1064 (2), at 70 (Chadbourn rev. 1972); McCormick, Evidence § 265, at 634 (2d ed. 1972). Thus the plaintiff may not rely on the "admission" to an allegation in another count to establish her status as a § 9 consumer. The defendant's express denial of the claim under c. 93A, § 9, required the plaintiff to prove that she purchased goods or services primarily for personal, family or household purposes.

The facts found by the judge show that at the time the contract was signed the plaintiff had received a complaint from one tenant and was preparing the other half of the duplex house for new tenant occupancy. Thereafter, the plaintiff rented the entire dwelling and left for California. The judge ruled that the plaintiff had "not purchased goods or services primarily for personal, family or household pur-

poses within the meaning of G. L. c. 93A, § 9." [8] But cf. *Lantner* v. *Carson,* 374 Mass. 606, 607-608 (1978) (c. 93A, § 9, inapplicable to sale of residence by individual homeowner).

By the express language found in § 1 of G. L. c. 93A, a person who rents real property is engaged in "trade" or "commerce." Since the plaintiff was using the entire house as rental property at the time she purchased the defendant's services, she was acting in a business context and, thus, engaging in "trade" or "commerce." Although the plaintiff was occupying one-half of the duplex house [9] at the time the demand letter was sent as well as at the time of trial, that fact does not make erroneous the judge's ruling that the plaintiff did not purchase goods or services primarily for personal, family or household purposes.

The judge's finding, however, that there was a material and substantial breach of warranty provides the plaintiff with ample basis for recovery under § 11. [10] See G. L.

---

[8] The judge granted the defendant's requested ruling that "[a] person who enters into a contract to have a roof reshingled on a two family house in which that person does not live and both apartments which she rents to others has not purchased goods or services primarily for personal, family or household purposes within the meaning of G. L. c. 93A, § 9."

[9] We intimate no view on whether we would reach the same result had the plaintiff resided in her duplex home at the time she contracted for the defendant's services. See *Marshal House, Inc.* v. *Rent Control Bd. of Brookline,* 358 Mass. 686, 695 (1971); Note, Consumer Protection Legislation and the Assertion of Tenant Rights: The Massachusetts Paradigm, 59 B.U.L. Rev. 483, 494-495, 507-508 (1979). Compare *Crowell* v. *McCaffrey,* 377 Mass. 443, 452-453 (1979).

[10] The plaintiff's case is governed by c. 93A, § 11, as amended through St. 1978, c. 478, § 47, which reads in relevant part: "Any person who engages in the conduct of any trade or commerce and who suffers any loss of money or property, real or personal, as a result of the use or employment by another person who engages in any trade or commerce of an unfair method of competition or an unfair or deceptive act or practice declared unlawful by section two or by any rule or regulation issued under paragraph (c) of section two may, as hereinafter provided, bring an action in the superior court whether by way of original complaint, counterclaim, cross-claim or third-party action for damages and such equitable relief, including an injunction, as the court deems to be necessary and proper." Statute 1979, c. 72, § 2, amended § 11 by adding a provision for Housing Court jurisdiction.

c. 93A, § 2; *Slaney* v. *Westwood Auto, Inc.*, 366 Mass. 688, 702 (1975); Attorney General's Rules and Regulations, 940 Code Mass. Regs. § 3.08 (2) (1978).[11] Nothing in the plaintiff's complaint or request for rulings precludes such relief.

Under § 11 the plaintiff's damages are limited to actual damages if the breach of warranty is not a wilful or knowing violation of § 2. Cf. *Heller* v. *Silverbranch Constr. Corp.*, 376 Mass. 621, 627-628 (1978). The judge specifically ruled that the defendant's breach of the contractual warranties was not wilful, intentional, and deliberate, but essentially was due to inexperienced and unsupervised employees. While it is not a defense to a c. 93A claim that the defendant's conduct was negligent rather than intentional,[12] negligence does not give rise to a multiple damages claim under § 11. The judge's findings foreclose recovery of multiple damages.

Although the plaintiff's motions for attorney's fees and costs were made pursuant to § 9 (4), which requires that "reasonable attorney's fees and costs incurred in connection with said action" be awarded any time a violation of § 2 is found, the motions are also applicable to claims under § 11, which contains the same requirements. As to attorney's fees, the law is quite clear that "when attorney's fees are statutorily authorized legal service organizations are entitled to receive such awards." *Lincoln St. Realty Co.* v. *Green*, 374 Mass. 630, 631 (1978). Accord, *Darmetko* v. *Boston Hous. Auth.*, 378 Mass. 758, 763-764 (1979). While the amount of a reasonable attorney's fee is largely discretionary, the judge on remand should consider the nature of the case and the issues presented, the time and labor required, the

---

[11] Thus, the judge's ruling that "there is a vacuum of evidence of any unfair or deceptive act or fraudulent practice by the defendant roofing contractor in the conduct of his trade or practice" is incorrect in light of his findings as to a material breach of warranty.

[12] "[N]either intent to engage in an unlawful act nor knowledge of its unlawfulness is required in order to establish liability." Rice, New Private Remedies for Consumers: The Amendment of Chapter 93A, 54 Mass. L.Q. 307, 314 (1969).

amount of damages involved, the result obtained, the experience, reputation and ability of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases. *Id.* at 764, and authorities cited therein. Attorney's fees attributable to this appeal and any proceedings after remand may be included in the award. *Id.* at 765.

On the issue of costs, the plaintiff seeks to recover $167.10, the principal component of which is $119.10 for her expert witness, as "costs incurred in connection with said action." She was awarded $35.50 in usual costs by the court, pursuant to G. L. c. 261, §§ 1 and 23.[13] The usual rule in Massachusetts is that the litigant must bear his own expenses, *Creed* v. *Apog*, 377 Mass. 522, 525 (1979). Chapter 93A is a statutory exception to that rule. Although the award of expert witness fees is usually discretionary, *George* v. *Coolidge Bank & Trust Co.*, 360 Mass. 635, 640 (1971), we think that reasonable expert witness fees should normally be recoverable in a c. 93A case in order to vindicate the policies of the act. See generally Note, Expert Witness Fees: Protection for the Indigent Party, 48 Nw. U.L. Rev. 106 (1953).

The issue, however, is whether actual cost, i.e., the amount which the expert witness has charged the plaintiff, is recoverable or whether some discretion resides in the

---

[13] General Laws c. 261, § 1, states: "In civil actions the prevailing party shall recover his costs, except as otherwise provided."

General Laws c. 261, § 23, as appearing in St. 1973, c. 1114, § 346, states: "There shall be allowed, in a civil action in the supreme judicial court or in the superior court, in addition to other disbursements allowed by law, the following costs:

"For the entry fee, three dollars.

"For the complaint, fifty cents.

"For an attorney's fee, if an issue in law or fact is joined, two dollars and fifty cents; if not, one dollar and twenty-five cents.

"For a term fee, five dollars for each sitting while the action is pending, not exceeding three sittings, except by an order of the court. If an action or question of law therein is carried to the full court, two additional term fees may be allowed. If the defendant is defaulted without having appeared, only one term fee shall be allowed.

"For travel, such sum as the court may allow."

judge as to the amount to be paid as costs. Although the word "incurred" as used in a contract has been construed to mean "personally obligated to pay," *Lincoln St. Realty Co.* v. *Green*, 374 Mass. 630, 632 (1978), where it is the statutory policy to award reasonable costs incurred, the trial judge has discretion to set the amount to be awarded even if the plaintiff is personally obligated to pay the amount billed. Where the award of costs is statutorily authorized, judges are vested with discretion either expressly or by judicial construction in determining the size of the award. *State* v. *Wilson*, 115 N.H. 99, 101-103 (1975) (construing N.H. Rev. Stat. Ann. 525: 14-a [1974]). *Stevenson* v. *Henning*, 268 A.2d 872, 874-875 (Del. 1970) (construing 10 Del. Code tit. 10, § 8906 [1974]). *Leadville Water Co.* v. *Parkville Water Dist.*, 164 Colo. 362, 365-367 (1967) (construing Colo. Rev. Stat. 56-6-2 [1963]). *State Dep't of Highways* v. *Salemi*, 249 La. 1078, 1083-1084 (1966) (relying on La. Rev. Stat. Ann. § 13.3666 [West 1968]). Of course, consideration should be given to factors such as the time spent by the expert in testimony, the number of appearances, preparation time, the degree of learning and skill possessed by that witness, as well as the assistance such testimony gave to the trier of fact.[14] See *Mountain States Tel. & Tel. Co.* v. *Public Utils. Comm'n*, 195 Colo. 130, 136-137 (1978).

The judgment denying all relief under G. L. c. 93A is reversed, and the case is remanded for consideration of the plaintiff's motions for reasonable attorney's fees and costs.

*So ordered.*

---

[14] In this case the record reveals that the trial judge relied extensively on the expert testimony in making his findings.