Commonwealth *vs.* Chatham Development Co., Inc.

No. 98-P-694.

Middlesex. January 7, 2000. - June 30, 2000.

Present: Greenberg, Kaplan, & Rapoza, JJ.

*Landlord and Tenant,* Consumer protection, Rent. *Consumer Protection Act,* Landlord and tenant, Lease, Unfair or deceptive act, Damages, Attorney's fees. *Damages,* Consumer protection case.

A landlord's exaction from tenants of a twenty-five dollar constable fee upon service of a fourteen-day notice to quit for nonpayment of rent, prior to the entry of a judgment in any eviction action, was a violation of G. L. c. 186, § 15B(1)(*c*), and 940 Code Mass. Regs. § 3.17(6), and was an unfair and deceptive practice under G. L. c. 93A, § 2(*a*). [526-528]

In a civil action brought by the Commonwealth, a civil penalty was appropriately assessed against the landlord, and the amount claimed for legal fees was warranted. [528-529]

Civil action commenced in the Superior Court Department on June 3, 1996.

The case was heard by *Wendie I. Gershengorn,* J., on a motion for summary judgment, and a motion for assessment of damages and entry of final judgment was considered by her.

*Howard I. Rosen* for the defendant.

*Diane L. Szafarowicz,* Assistant Attorney General, for the Commonwealth.

Greenberg, J. This is an appeal by Chatham Development Co., Inc. (Chatham), which owns and manages a large apartment complex in Auburndale, from a permanent injunction entered on March 18, 1997, by a Superior Court judge. After consideration of the parties' submissions under Mass.R.Civ.P. 56, 365 Mass. 824 (1974), the judge enjoined Chatham from including in its leases a provision that requires tenants to pay a

constable fee as a consequence of late payment of rent.[1] On the Commonwealth's motion for assessment of damages, the judge ordered Chatham to pay civil penalties and attorneys' fees pursuant to G. L. c. 93A, § 4.

Chatham has utilized the Greater Boston Real Estate Board's "Standard Form Agreement Lease" for all tenants, including those of low to moderate income, who rent residential units within the eight buildings of the "Woodland Park" apartment complex. Appended to the lease form is a typewritten series of "Rules and Regulations" prepared by Chatham. The first paragraph of the "Rules and Regulations" contains the provisions requiring tenants to pay a constable fee if the rent payment is late. The Commonwealth's case against Chatham is premised on the theory that the constable fee provision is unfair and deceptive under G. L. c. 93A, § 2(*a*), in that it transgresses G. L. c. 186, § 15B(1)(*c*),[2] and 940 Code Mass. Regs. § 3.17(6) (1993),[3] by exacting a twenty-five dollar penalty from any tenant if the unit in which the tenant lives has to be served a fourteen-day notice to quit under G. L. c. 186, § 11.

The provisions of G. L. c. 93A do not contain a definition of the word "unfair." They leave the possible existence of such to be determined on a case-by-case basis. See *Commonwealth* v.

---

[1] Paragraph 1 of the "Rules and Regulations" attached to the lease form reads as follows:

> "IMPORTANT — ALL TENANTS — Please be aware that, according to your Lease or Tenancy at Will Agreement, the rent is due and payable in our office on or before the first of every month. Our office will not be sending out reminder notices for non-payment of rent. If the rent is not *in the office* on the first of the month, please be aware that you are subject to service of a Constable Notice as of the 2nd of the month. This is the legal procedure for initiation of eviction proceedings. If the unit in which you live has to be served with this notice, the cost is currently $25.00 (subject to change without notice). Again, do not expect to be notified that your rent has not been received by our office before we send out the Constable notices. Thank you for your cooperation in this matter."

[2] General Laws c. 186, § 15B(1)(*c*), as amended by St. 1978, c. 553, § 2, declares: "No lease or other rental agreement shall impose any interest or penalty for failure to pay rent until thirty days after such rent shall have been due."

[3] Title 940 Code Mass. Regs. § 3.17(6) (1993) provides: "It shall be an unfair and deceptive practice for an owner to: (a) Impose any interest or penalty for late payment o[f] rent unless such payment is 30 days overdue . . . ."

*DeCotis*, 366 Mass. 234, 241-242 (1974); *Purity Supreme, Inc.* v. *Attorney Gen.*, 380 Mass. 762, 771 (1980); *Levings* v. *Forbes & Wallace, Inc.*, 8 Mass. App. Ct. 498, 503-504 (1979). The judge, in finding that Chatham had committed an unfair act by imposing the constable fee as part of the lease arrangement, rejected Chatham's reliance upon G. L. c. 261, § 1, which permits a prevailing party to recover costs incurred in connection with civil actions. She reasoned that the constable provision allows Chatham to telescope the cost of serving the notice prior to entry of any judgment in its favor. To exact those costs prior to the time the prevailing party could be determined by the court runs contrary to the statute. The judge properly rejected Chatham's claim that the fee is not a penalty but rather recovery of a necessary expenditure when a tenant breaches a lease by not making the lease payment on or before the first day of the month. We share the judge's view that the exaction of a constable fee, prior to the entry of a judgment in an eviction action, was both unfair and deceptive. To say that costs may be assessed by agreement and awarded before the close of proceedings is more than a stretch. It is the function of the court, not the litigants, to make that determination on the basis of statutory authority. See *Linthicum* v. *Archambault*, 379 Mass. 381, 390 (1979) ("where it is the statutory policy to award reasonable costs incurred, *the trial judge* has discretion to set the amount to be awarded even if the plaintiff is personally obligated to pay the amount billed" [emphasis added]).

Nor do we find error in the judge's conclusion that Chatham jumped the gun by imposing a late fee for payments not yet thirty days overdue, thereby committing a deceptive act within the meaning of G. L. c. 93A, § 2(*a*). General Laws c. 186, §§ 11 and 12, permit tenants the opportunity to cure their nonpayment and continue their tenancies.[4] Section 11, which is applicable only to written leases, as opposed to tenancies at will, which in turn are addressed in § 12, "has its foundation at common law that courts of equity will grant relief from forfeiture of the leasehold estate due to the failure to pay rent if

---

[4]Section 11 reads, in pertinent part: "Upon the neglect or refusal to pay the rent due under a written lease, fourteen days' notice to quit, given in writing by the landlord to the tenant, shall be sufficient to determine the lease, unless the tenant, on or before the day the answer is due, in an action by the landlord to recover possession of the premises, pays or tenders to the landlord or to his attorney all rent then due, with interest and costs of suit."

the tenant pays what is owed by the time of the [summary process] hearing." Warshaw, Massachusetts Landlord-Tenant Law § 3.8, at 121 (1987). "The process [action] cannot be brought," however, "until fourteen days' notice to quit has been given. Until then, the forfeiture is at most conditional, and may be purged and saved by the payment or tender of the rent due." *Hodgkins* v. *Price*, 137 Mass. 13, 18 (1884). See G. L. c. 186, § 11.[5] If the tenant pays rent within those fourteen days, the eviction action is averted entirely; there is no suit and hence no cost of suit owed under § 11. Thus, Chatham's imposition of the fee with knowledge that it could not initiate an action within the fourteen-day period amounts to an unfair and deceptive practice.

Neither of Chatham's remaining claims requires lengthy discussion. There is no force to the argument that the judge mistakenly assessed $2,000 as a civil penalty. The portion of G. L. c. 93A, § 4, as inserted by St. 1985, c. 468, upon which the Commonwealth relies provides: "If the court finds that a person has employed any method, act or practice which he knew or should have known to be in violation of said section two, the court may require such person to pay to the commonwealth a civil penalty of not more than five thousand dollars for each such violation and also may require . . . reasonable attorneys' fees." Chatham contends that civil penalties under G. L. c. 93A, § 4, should not be imposed in a case of "first impression" and where there is no allegation that any tenant was actually harmed by its attempt to impose a constable fee under the lease. Chatham argues that its corporate behavior, in this instance, did not involve the kind of blatant, intentional violation of a judgment that invited civil penalties in *Commonwealth* v. *Fall River Motor Sales, Inc.*, 409 Mass. 302, 303-305 (1991) (advertisement of vehicles at "6.9% over factory invoice" after consent judgment enjoined use of "invoice price" advertising).

An action brought by the Attorney General under G. L. c. 93A, § 4, is comparable to a class action. The Supreme Judicial Court has intimated in an earlier case that the Attorney General has the power to bring suit not only on behalf of those

[5]Although the statute has been amended since 1884, the requirement of fourteen days' notice before process may be brought appears in both the incarnation of the statute that was before the *Hodgkins* court and that before us today.

persons specifically injured but also on behalf of those similarly situated. See *Commonwealth* v. *DeCotis*, 366 Mass. at 245-246. In addition, the Attorney General possesses, under G. L. c. 93A, § 4, authority to enforce compliance with regulations interpreting G. L. c. 93A, and "[r]egulation in the consumer field may be preventive." *Purity Supreme, Inc.* v. *Attorney Gen.*, 380 Mass. at 779. Here, the judge was well within her discretion in assessing civil penalties where each tenant did not have an economic incentive to bring a lawsuit of the magnitude needed to prevent the deceptive practice. As the Commonwealth points out in its brief, each publication of a deceptive lease provision and each individual misrepresentation constitutes an individual violation. See *Commonwealth* v. *Fall River Motor Sales, Inc.*, 409 Mass. at 313-314; *Commonwealth* v. *AmCan Enterprises, Inc.*, 47 Mass. App. Ct. 330, 338-340 (1999). It should also be noted that the penalty, as originally assessed by the judge, addressed the constable fee provision, together with two additional provisions in Chatham's lease found to be G. L. c. 93A violations, which are not before us in this appeal.

In awarding $8,000 in legal fees against Chatham, the judge considered the factors set forth in *Commonwealth* v. *Fall River Motor Sales, Inc.*, 409 Mass. at 311, quoting from *United States* v. *Reader's Digest Assn.*, 662 F.2d 955, 967 (3d Cir. 1981), cert. denied, 455 U.S. 908 (1982). Although the affidavit of the assistant attorney general is less informative than one might wish, it provided an acceptable basis for the judge to conclude that the amount claimed for legal fees was warranted.

*Judgment affirmed.*