Sanders, Janet L., J.
This action arose as a result of a bidding war over the sale of the Wellesley home of the defendants, Timothy E. Foster and Michelle O. Foster. Plaintiff, who had made a offer to purchase the home which the defendant ultimately rejected, filed this lawsuit alleging that there was an oral agreement to sell the house to him. He sought and obtained (ex parte) a memorandum of lis pendens. That was immediately followed by the filing of a special motion to dismiss the claim, which was allowed orally from the bench on the day that the motion was heard. The case is now before the Court for assessment of attorneys fees, pursuant to G.L.c. 184, §15(c). The plaintiff does not contest the defendants’ entitlement to fees but does vigorously oppose the amount requested, which is $29,250. For the following reasons, I conclude that the fee is unreasonably high.
Attorneys fees are to be determined by the lodestar method of computation, which requires multiplying the total number of hours reasonably spent preparing and litigating a case by the fair market rate. Fontaine v. Ebtec Corp., 415 Mass. 309, 326 (1993). In determining the reasonableness of the hours spent, this Court may consider, among other things: the difficulty of the legal and factual issues; the amount of damages involved; and the result obtained. Linthicum v. Archambault, 379 Mass. 381, 388-89 (1979); see also Heller v. Silverbranch Construction Corp., 376 Mass. 621, 629 (1978). Factors bearing on the reasonableness of the hourly rate include the degree of competence demonstrated by the attorney, the attorney’s experience, skill and reputation, and the usual prices charged by attorneys of similar experience in the same area. The burden is on the defendants to establish their entitlement to the fees requested. Ultimately, the question of how much fees to award lies within the sound discretion of the Court.
The total fees requested were incurred in connection with defending a matter which began October 4, 2005 and ended (at least as to the Fosters) on November 9, 2005 when this Court announced from the bench that it would allow the motion to dismiss and dissolve the memorandum of lis pendens.[1] Certainly, the result obtained was a good one for the defendants and the quality of the legal work exceptionally high. The fact remains, however, that this matter was concluded within a very short period of time, and the legal issues involved were not unduly complicated. Accordingly, this Court feels compelled to reduce the amount of fees requested so that they are more in line with the work that had to be done, noting the following in particular:
1. Almost fifty hours were spent by a first year associate, Benjamin McGovern whose hourly rate was $235. This Court finds that both the number of hours and the hourly rate are unreasonably high in light of McGovern’s limited experience and the fairly straightforward legal issues that he addressed. Accordingly, I reduce his rate to $150 and cut the number of hours he spent by half.
2. Attorney Stephen Young, the partner on the case, billed 36.10 hours at a rate of $410. It would appear that some portion of this time was spent in supervising attorney McGovern and reviewing what he did, thus resulting in a duplication of work. While this kind of supervision is important for the training of young associates in a large law firm, it is not time that the plaintiff should have to pay for. Accordingly, some reduction in Young’s time is warranted.
3. Some portion of the hours for which reimbursement is sought was for legal efforts not directly related to the dissolution of the lis pendens and the dismissal of the claims against the defendants. For example, counsel researched the question of dual representation by the brokerage company, an issue pertinent to a cross claim by the Fosters against Coldwell Banker Corporation but not necessary in the Fosters’ efforts to get the claims against them dismissed. Although the defendants argue that it was the plaintiff that set the wheels in motion by filing this lawsuit, this Court is not convinced that plaintiff should have to pay for legal advice rendered in connection with matters not directly relevant to the claims asserted against the Fosters.
4. Finally, I have the Affidavit of Shepard Davidson a litigator with some experience in real estate who works with Bums & Levinson, a local law firm comparable (at least in some respects) with Holland & Knight. Davidson offers his opinion that a reasonable fee for the work which was necessary to bring about the successful resolution of this case for the Fosters should have been in the range of $10,000 to $15,000.
Taking all of the above into consideration, and after duly weighing all the factors which should be taken into account in determining what constitutes a reasonable attorneys fee, this Court concludes that a fee of $18,500 should be assessed against the plaintiff.
*262 Accordingly, for all the foregoing reasons, it is hereby ORDERED that the plaintiffs claim against the defendants Timothy and Michelle Foster be DISMISSED, with prejudice, and that they be awarded $18,500 in attorneys fees pursuant to G.L.c. 184, § 15(c)._

 The parties requested that this Court delay entenng its formal order on the docket, as they were attempting to negotiate a settlement of the case.