MacDonald, D. Lloyd, J.
In a memorandum and order dated June 29, 2007 the Court allowed the plaintiffs motion for summary judgment but denied it on the issue of damages, ruling, instead, that the damages issue be marked up for hearing. A briefing schedule was incorporated into the June 29th decision. In compliance with the latter schedule, the plaintiff filed a memorandum and supporting affidavits and the defendant submitted a memorandum in opposition. A hearing was held. The Court received testimony from the plaintiffs former treasurer and from the defendant.
The damages at issue pertain to the legal fees incurred by the plaintiff which were assessed as common expense assessments pursuant to G.L.c. 183A, §6(a)(i) and certain updated condominium administrative charges. The Court has closely scrutinized the print-out documenting the basis of the legal fees and disbursements and the affidavits with respect to the basis of all the charges.
Legal Standard
The Trustees’ entitlement to attorneys fees, and their inclusion in any lien, is subject to the limitation that they must be reasonable. Trustees of Whitehall Condominium Trust v. Wilson, 2002 WL 31421758, *2 (Essex Super. Ct., Jan. 28, 2002) (Billings, J.). “All attorneys fees, moreover, are limited by the general principle that all court-awarded attorneys fees, and specially those awarded against an opposing party under a fee-shifting statute, are to be reasonable.” Id. See Linthicum v. Archambault, 379 Mass. 381, 390 (1979) (“Where the award of costs is statutorily authorized, judges are vested with discretion either expressly or by judicial construction in determining the size of the award”).
Determining what constitutes a reasonable attorneys fee award is a process “committed to the sound discretion of thejudge.” Berman v. Linnane, 434 Mass. 301, 302-03 (2001). For the factors guiding such discretion see Linthicum v. Archambault, supra, and Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co., 445 Mass. 411 (2005).
Application to the Facts
The defendant in his memorandum commended to the Court Judge Kass’s opinion in Wyler v. Bonnell Motors, Inc., 35 Mass.App.Ct. 563 (1993). There, Judge Kass trenchantly observed, “There must be a cautionary tale to spin when, as here, á difference of opinion about an automobile repair bill of $502.33 results in an aggregate judgment for the plaintiff of $120,418.” Id. In this case, the defendant submits that a dispute over $11 per month in condominium fees over a nine-month period cannot reasonably justify the $13,888.92 in legal fees and expenses that the plaintiff seeks to recover.
There is, in fact, a cautionaiy tale to be spun here, but that tale is that a condominium owner withholds payment of common expense assessments at his or her peril. It is the explicit public policy of the Commonwealth as provided in G.L.c. 183A and consistently interpreted by the courts that a “condominium unit owner may not challenge the legality of a common expense assessment by refusing to pay it.” Blood v. Edgar’s, Inc., 36 Mass.App.Ct. 402, 410 (1994). Whether it is $11 or $1,100 or $11,000 in dispute, absent judicial intervention, common expense assessments, including allocated attorneys fees, must be timely paid, subject, of course, to subsequent judicial review. In this Court’s order of June 29, 2007, however, the Court determined that the common expense assessments here, including, the allocated legal fees, should have been contemporaneously paid by the plaintiff.
*149 The remaining issue, as noted above, is the reasonableness of the charges.
I find and rule that the billing rates of plaintiffs counsel (partners, associates and paralegals — varying on the low end for paralegals at $75/hour to $300/hour for partners) are reasonable for the Boston metropolitan area.
Having scrutinized the plaintiffs billing records the Court finds and rules that $12,000 is a reasonable aggregate charge for legal fees and expenses. Approximately $2000 was subtracted from the documented charges because it is unreasonable for the defendant to be charged with the legal expense invoiced to the condominium in connection with the defendant’s motion to disqualify plaintiffs counsel. The defendant did so on account of the plaintiffs firm’s prior representation of the defendant. Although the plaintiff prevailed on the disqualification motion, there was a substantial basis for it, and it is not reasonable under the circumstances for the condominium to have been charged for it. Thus, it is unreasonable to assess the defendant for it as a condominium charge.
The Court sees no evidence in the billing records of what the defendant characterized at the hearing as “churning.” Instead, the Court finds persuasive the plaintiffs submission in its memorandum that it is the defendant who “chose the course of conduct which caused the damages.”
The time expended by the partners, associates and paralegals of the plaintiffs firm was appropriate in consideration of the nature of the issues posed by the defendant. The defendant is an attorney, and he chose — unwisely—to “play lawyer” with the condominium association and its treasurer by raising various technical legal issues, for example, the alleged absence of an approved budget, as justification for withholding full current payment of fees assessed by the association. Further, for reasons that are difficult to understand, the defendant had multiple addresses and appeared to use them as means to avoid service, which had the predictable result of causing plaintiffs counsel to have to spend significant additional time in perfecting service. (And since defendant’s counsel refused to accept service on the defendant’s behalf, the Court infers that the defendant so instructed him.)
The total damages assessed are $12,308.10. This is comprised of the $12,000 in legal fees and expenses referenced above and the $308.10 in expenses as recorded in the updated affidavit of the property manager filed with the plaintiffs papers.
ORDER
Judgment shall enter in the amount of $12,308.10. Ancillaiy relief is incorporated into the formal judgment of today’s date as appears therein.