Connon, Richard F., J.

BACKGROUND

Northern Security Insurance Company filed this action pursuant to G.L.c. 231A on whether the policy it issued to Sandpiper Village Condominium provided coverage in an underlying lawsuit. The factual and procedural background of this case is set forth in the decision of Nickerson, J., on cross motions for summary judgments [24 Mass. L. Rptr. 500 (Nickerson, Gary A., J.]. In those motions, it was declared that the general liability insurance policy issued by Northern Insurance Company did indeed provide coverage to the defendants in the underlying action, denied summary judgment on defendant’s cross claim alleging a violation of Chapter 93A, allowed plaintiffs motion for summary judgment as to defendant’s counter-claim pursuant to G.L.c. 93A, and denied summary judgment on defendant’s claim for attorneys fees, which is now before the court.
This matter came before the court on February 11th and March, 25th, 2009, with testimony from two witnesses, Attorney Edmund Allcock, partner in Marcus, Errico, Emmer & Brooks, P.C., as well as Attorney John Haverfy. Three invoices for legal services were submitted to Northern Security Insurance Company by Marcus, Errico, Emmer & Brooks (MEEB). Northern Security declined to pay on the basis that the charges were unreasonable.
The FIRST INVOICE reflected attorneys fees from June 15th of 2004 through July 9th of 2006. The hourly rate for a partner and associate varied from the starting rate of $225 per hour for a partner and $170 per hour for work by an associate. On February 15th of 2005, the partner’s rate increased to $250 per hour and the associate’s rate went to $180 per hour. The next increase was on November 2, 2005, when the partner’s rate was increased to $280 per hour. The associate’s rate remained at $180 per hour. On June 2nd of 2006, the partner’s rate increased to $300 per hour and the associate’s rate remained at $180 per hour. The total hours of the partner and associates in the defense of Sandpiper Village for the underlying claim was 76.85 hours, with total charges amounting to $15,363.00.
The SECOND INVOICE submitted by MEEB was for the period from June 28th of2005 through July 27th, *596 2008. The hourly rate for a partner on June 28th of 2005 was $250 per hour, increasing to $280 per hour on July 13th of 2005 and $300 per hour on July 11th, 2007. The total hours for both partners and associates for the Declaratory Judgment Action was 188 hours, with total charges amounting to $36,056.75.
The THIRD INVOICE submitted by MEEB was for the period of August 16th of 2007 through February 9th of2009. The hourly rates charged by a partner was $310, with an associate rate of $175 per hour. The total hours for both partners and associates, which was for the representation in the Declaratory Judgment Action and for the pursuit of attorneys fees in this matter, was 61.20 hours, with total charges amounting to $12,269.00. The totals for the three invoices are 326.5 hours, for total billings of $63,688.75.
When the underlying action was brought by a unit owner against Sandpiper Village in 2004, Northern Security agreed to assume the defense of that action under a reservation of rights. The Sandpiper Condominium Trust elected to use its own attorney, MEEB, and Northern accepted the Trust’s election to use its own counsel and agreed to pay reasonable attorneys fees of $150 per hour. MEEB responded that their rates are subject to change with or without notice and are non-negotiable.
In 2004 to 2005, the evidence is that MEEB defended a condominium in the matter of LeBlanc versus the Trustees of the Clark’s Pond Condominium Trust. The insurer of that entity happened to be Northern Security Insurance Company. The hourly rate paid by Northern Security at that time was $ 150 per hour. This was also under a reservation of rights letter.
In 2008 and 2009, MEEB defended Cherry Lane Condominium Association. The Cherry Lane Condominium Association was also insured by Northern Security Insurance Company/Vermont Mutual. The hourly rate charged by MEEB was $150 per hour. During the same period covered by this action, MEEB charged Traveler’s Insurance Company $150 per hour to defend an insured under a General Liability Policy. There was confirming testimony from Attorney John Haverty, an experienced litigator, who opined that a reasonable hourly rate for services rendered in this Declaratory Judgment Action is $150 per hour.

DISCUSSION

In Chicago Insurance Company v. Lappin, 58 Mass.App.Ct. 769, (2003), “A fee award to an insured who successfully establishes that which he should have had as a contractual right. .. the right to be free of the expense of defending suits brought against him.”
It is well settled that, “an insured is entitled to reasonable attorney fees and expenses incurred in successfully establishing the insurer’s duty to defend under the policy.” Hanover Insurance Company v. Golden, 436 Mass. 584 (2002). The circumstances in this case are somewhat similar to the case of Hanover v. Golden, where Golden had incurred legal costs. “Those costs, if reasonable, should be born by Golden or in this case Northern, along with the reasonable attorneys fees and expenses in connection with responding to the Declaratory Judgment Action.”
The position of Northern is that it should not be responsible for fees incurred by MEEB in litigating for itself its motion to dismiss and its answer to the declaratory judgment complaint. The amended complaint filed by Northern named MEEB as a necessary parly on their claim contesting the reasonableness of MEEB’s legal fees. Its belief that MEEB is not entitled to reimbursement in whole or in part for more than 44 hours on the notion it was time spent representing itself is overstated.
On the other hand, Sandpiper, Witter and MEEB cannot recover costs or fees in connection with the Chapter 93A and Chapter 176B claims, as this court, Nickerson, J., entered summary judgment with respect to those claims. Approximately 26 hours can be attributable to the time spent on those claims, and therefore the SECOND INVOICE reflecting 188.5 hours should be reduced to reflect 162.5 hours.
A review of the THIRD INVOICE submitted by MEEB reflects work done after the summary judgment motion was decided by Nickerson, J. on July 3rd, 2008. The only issue remaining after that decision was the reasonableness of MEEB’s attorneys fees. All the work performed by them from July 8th, 2008 to February 9th of 2009 was for the sole benefit of MEEB in collecting their fee. With regard to those charges, which totaled $7,048 or 37 hours, the American rule controls, under which parties are generally responsible for their own attorneys fees.
The calculation of reasonable hourly rates should begin with the average rates in the attorney’s community for similar work by attorneys of the same years’ experience. Both Attorney Allcock and Attorney Haverty measure equally in this regard. The services performed by each attorney is somewhat similar, and their hourly rate charged, except in this case, is the same $150 per hour. The more appropriate factors in determining the reasonableness of an attorneys fee, quoting from Linthicum v. Archambault, 379 Mass. 381 (1979), are “The nature of the case and the issues presented, the time and labor required, the amount of damages involved, the result obtained, the experience, reputation, and ability of the attorney, the usual fee charged for similar services by other attorneys in the same area. The court, in deciding the reasonableness of the fee is not required to make explicit findings as to a fair market rate and the exact numbers of hours reasonably spent on a given case.” The assertions made by Northern that the investment of time is exorbitant *597 and unjustified may very well be true. However, this court, in order to establish the details of those assertions, would have to conduct an analysis for each hour charged and a review of the nature of the work performed in order to accomplish that task.
For the foregoing reasons, this court has determined, from all of the facts and circumstances at trial, that the reasonable hourly rate to be applied in the circumstances of this case is $150 per hour, and that the total hours computed as follows: For the FIRST INVOICE, 76.85 hours; for the SECOND INVOICE, 162.5 hours, and for the THIRD INVOICE, 24.2 hours, for a total hours of 263.55 times the hourly rate of $150, or $39,532.50, which this court has determined to be a reasonable hourly rate under all of the circumstances of this case.