Nestor, J.
The plaintiff, B & G Sheet Metal Co. Inc. (“B & G Metal”), and Zivthan Dubrovsky (“Zivthan”) entered into an agreement for B & G Metal to provide various heating, mechanical, and HVAC work at the Dubrovskys’ home. B & G Metal prepared the initial contract for review by the defendants. Zivthan made several minor amendments to the contract by striking some typewritten language and writing in his own amendments. The contract was then duly signed by B & G Metal and Zivthan. Karen Dubrovsky is married to Zivthan and resides with him, but she was not a signatory to the contract
The contract contained a provision for attorney’s fees: “If legal action or arbitration is required to collect any overdue payments and we prevail then, [sic] we shall be entitled to recover our cost of litigation or arbitration, including reasonable attorneys fees from owner.” The term “we” clearly refers to B & G Metal.
B & G Metal performed the work at the Dubrovskys’ home located at 33 Reed Street, Lexington, Massachusetts between August and October of 2012. The Dubrovskys became dissatisfied with the quality and/or the timeliness of the work and terminated B & G Metal. The Dubrovskys hired another contractor to complete the work on the property.
B & G Metal filed suit against the Dubrovskys for breach of contract and quantum meruit, seeking the balance of the moneys due under the contract. The Dubrovskys filed a counterclaim alleging a violation of G.L.c. 93A, based upon an alleged violation of the Home Improvement Contractor Statute, G.L.c. 142A. The quantum meruit claim against both Dubrovskys was dismissed. The breach of contract claim against Karen Dubrovsky was dismissed. After a lengthy and highly contested trial, the jury returned a verdict for B & G Metal with damages in the amount of $11,515.00. The jury also returned a verdict in favor of the Dubrovskys on their G.L.c. 93A claim, finding that B & G Metal had committed an unfair and deceptive act, but the jury found no injury to the Dubrovskys, resulting in no damages. Hershenow v. Enterprise Rent-A-Car Co. of Boston, 445 Mass. 790,802 (2006). Based upon the language in the contract, the court awarded attorney’s fees to B & G Metal in the amount of $19,026.85. The court awarded attorney’s fees related only to collection of moneys due under the origi *181 nal contract The court specifically declined to award for those attorney’s fees expended to defend the G.L.c. 93A claim. The parties filed cross appeals. Zivthan contests the awarding of any attorney’s fees; B & G Metal seeks return of the case to the trial court for recovery of all attorneys fees associated with the entire case. There are two issues: 1. Is the provision of the contract allowing for recovery of attorneys fees enforceable between the parties? 2. Was the trial judge justified in ordering attorneys fees only for the collection of unpaid moneys and not for defense of the G.L. c. 93A claim?
1. The “American Rule” provides that each litigant is responsible for their cost and legal fees. “The usual rule in Massachusetts is that the litigant must bear his [or her] own expenses.” Linthicum v. Archambault, 379 Mass. 381, 389 (1979). A party to a contract, however, may provide for recovery of his or her attorneys fees in subsequent litigation with the other party. A party who prevails in a suit on a claim ordinarily has no right to be awarded his or her attorneys fees by virtue of his or her success without either a specific contractual provision entitling that party to his or her fees or a statute authorizing such an award under the circumstances. Bournewood, Hasp., Inc. v. Massachusetts Comm’n Against Discrimination, 371 Mass. 303, 311-312 (1976).
In cases where the terms of the contract are unconscionable, then a court may decline to enforce the terms of the agreement. An unconscionable contract is “such as no man [or woman] in his [or her] senses and not under delusion would make on the one hand, and as no honest and fair man [or woman] would accept on the other.” Waters v. Min Ltd., 412 Mass. 64, 66 (1992), quoting Hume v. United States, 132 U.S. 406, 411 (1889). In this case, Zivthan actively participated in negotiating the contract, and the terms and conditions arrived at between the parties were not unconscionable.
2. The plain meaning of the contract provision allows for recovery of attorneys fees for successful prosecution of the contract claim. The contract provision does not include coverage for independent claims arising between the parties. The G.L.c. 93A claim is independent of the contract. As such, B & G Metal is not entitled to recover attorneys fees related to that portion of the case. Moreover, B & G Metal did not prevail on the G.L.c. 93A claim.
The determination of reasonable attorneys fees is within the sound discretion of the trial judge. Factors to be considered are the nature of the case, the time required, the amount of damages involved, the result obtained, the experience and ability of the attorney, the usual charge for similar services in the same geographical area, and amounts awarded in similar cases. Linthicum, supra at 388-389. There is no “‘clear error of judgment in weighing’ the factors relevant to the decision, see Picciotto v. Continental Cas. Co., 512 F.3d 9, 15 (1st Cir. 2008) (citation omitted), such that the decision falls outside the range of reasonable alternatives.” L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).
The judgment is affirmed.