## ELISHA G. KINGSBURY *vs.* MARY S. WILMARTH.

**A** widow is entitled to receive the amount of an allowance to her by the judge of probate out of her husband's estate in priority to the payment of his debts, expenses of his last sickness and funeral, and the charges of settling his estate; and if the allowance to her is of such articles as she may choose, to a specified amount, and the same are sold at auction by her consent, but without any waiver by her of her claim to allowance, or any understanding to this effect by the administrator, she is entitled to receive the avails thereof.

APPEAL by the administrator of the estate of A. T. Wilmarth from a decree of the judge of probate of Hampshire county, disallowing his account of administration.

At the hearing in this court, before *Dewey*, J., it appeared that the judge of probate had passed a decree, allowing to Mary S. Wilmarth, the widow of the intestate, " such articles besides her apparel, out of the personal estate of said deceased, as she may choose, to the amount of $250, according to the inventory of the estate of said deceased on record in the probate office; " and the account presented showed receipts by the administrator and assets, at the appraised value, to the amount of $406.94, of which so much was charged as having been paid for debts and expenses of the intestate's last sickness and funeral, and of settling the estate, that the residue was less than $250 ; and, as there was no reason to expect further assets, the widow objected to the allowance of the account, and contended that her allowance was entitled to priority over the payments charged.

At the time when the allowance was ordered, the value of all the articles in the hands of the administrator was less than $250, a portion having already been sold. A sale at auction was afterwards made, by the consent of the widow, both parties being under the error of believing that enough would be realized from the debts due to the estate to discharge all claims against it, and the judge found as a fact that she did not intend to waive her claim to her allowance, nor was there anything to show that the administrator understood otherwise, but she consented to the sale under the supposition that she was to receive

the avails of the same to the extent of her allowance, and had reason to believe that this was so understood by him.

*W. Allen, Jr.*, for the appellant.

*S. T. Spaulding*, for the appellee.

DEWEY, J.    The allowance to the widow by the judge of probate had priority over other claims upon the estate.    *St.* 1838, c. 145, § 2.    Gen. Sts. *c.* 96, § 5.    She was clearly entitled to take specific articles of personal property, returned in the inventory, to the amount of two hundred and fifty dollars.    If the same were sold by the administrator without her waiving her claim to her allowance, she is entitled to the proceeds of them, at least.    As she did not object to the sale of them, she should only recover the actual amount realized from the sale of the articles at auction.    Making this deduction, we see no ground for the administrator's withholding the payment to her of the residue of her allowance.

The case finds that she did not intend to waive her claim, nor did the administrator so understand.    The administrator is by law to be charged with the inventory of the entire personal property, and the amount of the allowance to the widow is to be allowed to the administrator, on settling his account of administration.    The practical result will be the same as if she had taken specific articles of personal property to the amount of two hundred and fifty dollars, the estate of the deceased being credited with the actual sales, and charged only with a payment to the widow of the sum realized from the sale of the personal property allowed to her.    We think therefore that the judge of probate properly held, in stating the administrator's account, that the allowance to the widow is to have a priority, and that a sum sufficient to discharge that claim was to be first applied, before any allowance for payment of debts due from the estate, or expenses of settling the same.

The account of the administrator is to be stated upon the foregoing principles, and a proper decree made to that effect.    It having been otherwise stated, and a claim made by the administrator to appropriate the personal property to the payment of other debts, and in discharge of the expenses of administration, the widow might properly object thereto.