Koenigs, J.
Oronoque Realty Corporation sued Thomas A. Spencer, a building contractor, for breach of a contract under which Spencer was to develop Oronoque’s properly into condominiums. The trial judge found that Spencer had engaged in a pattern of fraudulent practices, including false billing to Oronoque, which resulted in a net overpayment by Oronoque of over $26,000. The trial judge further found that Spencer was not entitled to a $32,000 developer’s fee that he had taken in a series of draws during the project, and awarded treble damages and attorneys’ fees for violation of G.L.c. 93A.
1. The developer’s fee.
Spencer asserts that the trial judge erred in finding that Spencer was not entitled to the $32,000 he retained as a developer’s fee. He has not raised this issue by a request for ruling; indeed, after twenty days of trial, he filed no requests for ruling as provided in Mass. R. Civ. P., Rule 64A. The issue is whether the appellant has met his burden to show that the judge’s ruling was clearly erroneous.[1] First Pennsylvania Mortgage Trust v. Dorchester Sav. Bank, 395 Mass. 614, 621-622 (1985); Mass. R. Civ. P., Rule 52(c).
Contrary to Spencer’s assertions, the trial judge’s interpretation of the contract is fully supported in the record. The written contract clearly states that the developer’s fee was to be Spencer’s sole compensation in the project. According to the contract, the fee was to comprise 50% of Oronoque’s profit on each condominium unit sold. Oronoque’s profit was defined as the sale price of the unit, less Oronoque’s costs and its expenses related to the sale. The trial judge’s determination of credibility of the witnesses is given due regard by this court. Mass. R. Civ. P., Rule 52(c). The trial judge found that there was no net profit, primarily due to Spencer’s misdeeds, and that therefore Spencer was not entitled to any devel *108 oper’s fee. This finding was based upon the evidence and a correct interpretation of the contract, and will not be disturbed.
2. Attorney’s fees.
Spencer farther complains that the trial judge abused his discretion in awarding attorney’s fees. The trial in this case took twenty days, over a period of nearly two years. The judge conducted a hearing on attorney’s fees, and wrote a detailed memorandum of his decision awarding attorney’s fees, citing Linthicum v. Archambault, 379 Mass. 381 (1979). A review of the record, including forty pages of transcript of the hearing, supports the judge’s findings, and Spencer has failed to demonstrate clear error.
The award of attorney’s fees is required by G.L.c. 93A, §11 upon a finding that a claimant has been adversely affected by an unfair or deceptive act or practice. Drywall Systems, Inc. v. ZVI Const. Co., Inc., 435 Mass. 664, 672-673 (2002).
G.L.c. 93A, §11, sixth par., states:
If the court finds in any action commenced hereunder, that there has been a violation of section two, the petitioner shall, in addition to other relief provided for by this section and irrespective of the amount in controversy, be awarded reasonable attorneys’ fees and costs incurred in said action.
As Justice Spina noted in Drywall Systems, Inc. v. ZVI Const. Co., Inc., supra: “Chapter 93A is unique in that it mandates an award of attorney’s fees to a prevailing party even if quantifiable damages are lacking [citations omitted] ... (claimant may recover attorney’s fees under §11 if claimant establishes unfair or deceptive conduct ‘had some adverse effect... even if it is not quantifiable in dollars’); Raymer v. Bay State Nat’l Bank, 84 Mass. 310, 319-320 (1981) (§11 explicitly requires attorney’s fees where they would otherwise be ‘anomalous’). Provision for attorney’s fees under G.L.c. 93A reflects the Legislature’s manifest purpose of deterring misconduct by affording both private and public plaintiffs who succeed in proving violations of G.L.c. 93A, §2(a), reimbursement for their legal services and costs.’ Commonwealth v. Fall River Motor Sales, Inc., 409 Mass. 302, 316 (1991).” Drywall Systems, Inc. v. ZVI Const. Co., Inc., 435 Mass. 664, 672-673 (2002).
The judge was correct in his assessment of a reasonable attorney’s fee upon the factors enunciated in Linthicum v. Archambault, 379 Mass. 381 (1979). The case was factually complex, and every issue was examined exhaustively at trial. The trial judge, with the patience of Job, allowed the sides to pitch battle for an extraordinary amount of trial time. The trial judge then found Spencer liable for breach of contract, deceit, conversion, breach of implied covenants of good faith and fair dealing, as well as violation of G.L.c. 93A, §2.[2] This court gives due deference to the trial judge’s opportunity to determine the amount of preparation reasonably required, and the work actually done, by Oronoque’s legal team over the course of this litigation. The judge was also in a position to be familiar with the expertise and experience of the attorneys, by his own knowledge of the reputation of counsel, but by the quality of the work demonstrated throughout the proceedings. The fact that the amount of reasonable attorney’s fees far exceeds the amount awarded does not require reversal of the judge’s findings in a case of this breadth and length.
*109 No reasonable interpretation of the record supports Spencer’s claim that the judge was biased, because the judge remarked that he considered the case serious, or because of any of the trial judge’s other remarks or actions throughout the protracted proceedings. The amount of trial time alone demonstrates that everyone involved, including the judge, considered this a matter of significant complexity and weight There is no merit to Spencer’s remaining claims.
Judgment affirmed.

 Spencer asserts that this court should reject the trial judge’s findings because the trial judge adopted his opponent’s proposed findings of fact verbatim. This assertion is only partially correct. The judge wrote a two and one-half page memorandum of his decision, and in addition adopted Oronoque’s proposed findings. In his memorandum, the trial judge noted that he had reviewed his trial notes, and read the immense transcript of the twenty-day trial that took place on various far-flung dates between May 1998 and the summer of 2000. Having done this, he found Oronoque’s proposed findings consistent with his own, and added them to his written decision. Spencer ignores the longstanding rule that District Court judges are not required to make written findings of fact in a civil case. Mass. R. Civ. P., Rule 52(c). There was no error.

 Attorneys’ fees need not be limited to G.L.c. 93A claims, where as here the claims “represent various elements of damage arising from a single chain of events.” DiMarzo v. American Mut. Ins. Co., 389 Mass. 85, 106 (1983), quoting Simon v. Solomon, 385 Mass. 91, 112 (1982).