Fremont-Smith, Thayer, J.
In this case, plaintiffs assert that they were fraudulently induced to purchase a condominium unit which was represented to be the right-hand unit in the building and to be free of significant water infiltration, whereas they were actually sold the left-hand unit which they did not want and which had a significant water infiltration problem.
After a trial on liability, the jury found that the erroneous sale resulted from the negligence of plaintiffs’ attorney, Natasha Amitan (“Amitan”),[1] and from the intentional misrepresentations of the seller’s attorney, Sabrina Lanz (of the law firm Fee, Rosse & Lanz) (“Lanz") regarding the location of the unit which plaintiffs mistakenly purchased.
The jury further found that the seller’s realtor, Brenda Cote of Coldwell Banker Residential Brokerage (“Cote”) intentionally misrepresented the condition of the unit which plaintiffs wished to buy regarding its water infiltration problem with the intention that they rely thereon, but that plaintiffs did not reasonably rely on the false information in purchasing the unit.
As the Court reserved for itself plaintiffs’ c. 93A claims, the Court now, after an additional hearing, makes the following rulings and findings.
It is clear that the jury found that Lanz intentionally deceived the plaintiffs in regard to the location, in the building, of the unit they were sold, which deception was a proximate cause of their mistaken purchase. Accordingly, unless the Court were to make findings contrary to the jury with respect to the credibility of witnesses in this regard, it is clear that Lanz violated c. 93A. In view of the contradictory testimony at the trial, particularly with respect to what Lanz said and did at the closing, the Court declines to make a credibility finding contrary to the jury’s, which finding was amply supported by credible evidence. Accordingly, the Court finds that plaintiffs were injured as a result of Lanz’s violation of c. 93A and that such violation was wilful and intentional.
The question with regard to Cote and Coidwell Banker is more difficult, because, while the jury found intentional deception by Cote in regard to the unit’s problem of water infiltration, it also found that plaintiffs did not reasonably rely thereon.
In a 2004 decision, Aspinall v. Philip Morris Companies, Inc., 442 Mass. 381, 394 (2004), the Supreme Judicial Court summarized the applicable standard for a finding of deception in violation of chapter 93A as follows.
Whether conduct is deceptive is initially a question of fact, to be answered on an objective basis and not by the subjective measure argued by the defendants. See Lowell Gas Co. v. Attorney Gen., 377 Mass. 37, 51 (1979); Commonwealth v. AmCan Enters., Inc., 47 Mass.App.Ct. 330, 335 (1999). A successful G.L.c. 93A action based on deceptive acts or practices does not require proof that a plaintiff relied on the representation see Slaney v. Westwood Auto, Inc., 366 Mass. 688, 703 (1975), or that the defendant intended to deceive the plaintiff, see Swanson v. Bankers Life Co., 389 Mass. 345, 349 (1983), or even knowledge on the part of the defendant that the representation was false. See Slaney v. Westwood Auto, Inc., supra. Although our cases offer no static definition of the term “deceptive,” we have stated that a practice is “deceptive,” for purposes of G.L.c. 93A, “if it ‘could reasonably be found to have caused a person to act differently from the way he [or she] otherwise would have acted.’ ” *519 Purity Supreme, Inc. v. Attorney Gen., 380 Mass. 762, 777 (1980), quoting Lowell Gas Co. v. Attorney Gen., supra. In the same vein, we have stated that conduct is deceptive if it possesses “a tendency to deceive.” Leardi v. Brown, 394 Mass. 151, 156 (1985), quoting Trans World Accounts, Inc. v. Federal Trade Comm’n, 594 F.2d 212, 214 (9th Cir. 1979). “In determining whether an act or practice is deceptive, ‘regard must be had, not to fine spun distinctions and arguments that may be made in excuse, but to the effect which [the act or practice] might reasonably be expected to have upon the general public.’ ” Leardi v. Brown, supra, quoting P. Lorillard Co. v. Federal Trade Comm’n, 186 F.2d 52, 58 (4th Cir. 1950).
(Emphasis added.)
Regulations promulgated by the Attorney General pursuant to the authority granted under G.L.c. 93A, §2(c) provide further guidance as to the type of conduct that violates Chapter 93A. The regulations provide, in relevant part, that an act or practice is in violation of c. 93A, §2, if “[a]ny person or other legal entity subject to this act falls to disclose to a buyer or prospective buyer any fact, the disclosure of which may have influenced the buyer or prospective buyer not to enter into the transaction . . 940 C.M.R. §3.16(2) (1993) (emphasis added). See also Greenery Rehabilitation Group, Inc. v. Antaramian, 36 Mass.App.Ct. 73, 78 (1994) (“One can violate §2 of G.L.c. 93A... by failing to disclose to a buyer a fact that might have influenced the buyer to refrain from the purchase” (emphasis added)).
The “may have influenced” language in the Attorney General’s regulation is consistent with the Supreme Judicial Court’s ruling that “an act or practice is deceptive if it possesses ‘a tendency to deceive.’ ” Leardi v. Brown, 394 Mass. 151, 156 (1985). The “tendency or capacity to deceive” standard can be found throughout the Attorney General’s regulations, see e.g. 940 C.M.R. §§3.04 (deceptive pricing), 3.05 (deceptive claims), and is also evident in the federal analogue to chapter 93A. See e.g. Removatron Int’l Corp. v. FTC, 884 F.2d 1489, 1496 (1st Cir. 1989) (“the tendency of the advertising to deceive must be judged by viewing it as a whole”); Trans World Accounts, Inc. v. Federal Trade Comm’n, 594 F.2d 212, 214 (9th Cir. 1979) (“[p]roof of actual deception is unnecessary to establish a violation" and “[m]isrepresentations are condemned if they possess a tendency to deceive”). In effect, the Courts have determined that a victim of misrepresentation is an “injured” person for purposes of c. 93A if the misrepresentation “had a tendency” to deceive or “may have influenced” a buyer, even absent proof that the buyer “reasonably relied” on the misrepresentation so as to have constituted it a tortious misrepresentation.[2]
The jury found that Cote’s misrepresentations with regard to the water infiltration problem were not merely negligent, but were intentional, and the Court adopts the jury’s findings. The Court finds that the actions of Cote in this case did, in fact, have a tendency to deceive the plaintiffs and may have influenced them, and therefore violated c. 93A, even if it was not proven that plaintiffs “reasonably relied” thereon. See annot., 117 ALR 5th 155 ¶ 10(a) “view that reliance not required to be proven,” which includes Massachusetts in the states that do not require reliance for recovery under consumer protection statutes.

CONCLUSION

Accordingly, after the ascertainment of the plaintiffs compensatory damages at a further trial, judgment will be entered against Amitan in the sum of such compensatory damages, plus interests and costs. Double the amount of plaintiffs’ such damages will be awarded under c. 93A against Sabrina Lanz and Fee, Rosse & Lanz. As the jury has determined that plaintiffs were not damaged as a result of Cote’s misrepresentations, plaintiffs will be awarded the amount of compensatory damages plus $25 under c. 93A.[3] Within thirty days after the close of the damage trial, plaintiffs may file a motion, with appropriate affidavit support, for an award of reasonable attorney fees and costs to be recovered from the Lanz and the Cote defendants.

The Court has allowed Amitan’s motion for a directed verdict as to the c. 93A count of the complaint against her.

The holding in Maloney v. Sargisson, 18 Mass.App.Ct. 341, 347 (1984), is not to the contrary. There, the Court questioned whether the seller’s statements about the sub-soil condition of the premises were deceitful, and added that, even if they were, plaintiffs “could not have relied upon them to their detriment” because they had “made their own examination.” Here, plaintiffs did have a home inspection performed, but it was inconclusive. The inspection report noted evidence of water stains and efforescence in the basement floor and wall, and recommended that plaintiffs “consult the owner or a contractor for a historical perspective.” Plaintiffs did consult the owner’s sales representative, Cote, as to any history of water Infiltration, and she assured them that tests had been performed and that any water problem had been remedied. Maloney, moreover, was decided twenty years prior to Aspinall, supra, which evinces a more lenient test to establish injury for c. 93A purposes. See, also ALR article cited above.

As stated in 35 Massachusetts Practice Series, Consumer Law (2nd ed) §4:60:
Accordingly, a consumer who successfully shows that he has been injured by an act or practice made unlawful by c. 93A, but who has not suffered the kind of harm for which actual damages are awarded, is entitled to recover minimum damages in the amount of $25. The statutory scheme in this respect parallels the common law doctrine of nominal damages.