Fremont-Smith, Thayer, J.
The following orders on the pending post-trial motions and the order for judgment are the end result of a preposterous fraud committed on the plaintiffs. The plaintiffs, who are Russian-born scientists, were shown a condominium on the right-hand side of the building, which the broker described to them as Unit A. When they asked for a floor plan, the broker (defendant Cote) provided them a floor plan which likewise showed Unit A on the right side. Later, the building owner’s[1] manager confirmed the plan, which had been intentionally altered. Plaintiffs were also assured by Cote that the building had no water infiltration problems. Based on those assurances, plaintiffs signed the purchase and sale agreement, after which Perception’s counsel (defendant Lanz) also confirmed the erroneous location of Unit A. They were then given the keys to the right-hand unit (which was actually Unit B) and moved in on Christmas Eve, 2004. On December 28, 2004 two other participants in the fraudulent scheme appeared at their door-step and told them that they were occupying what was actually Unit B which one of them already owned, and that they must move into the unfinished left-hand unit (Unit A), which they had actually purchased.
1. PLAINTIFFS’ REQUEST, PURSUANT TO G.L.C. 93A, FOR AN AWARD OF REASONABLE ATTORNEYS FEES AND COSTS AGAINST DEFENDANTS COTE AND COLDWELL BANKER
In earlier rulings,[2] the Court found that the Cote defendants had violated c. 93A and awarded nominal damages of $25 and ruled that said defendants should be jointly liable with Sabrina Lanz and her law firm, Fee, Ross and Lanz, P.C. (“the Lanz defendants”)[3] for the amount of plaintiffs’ reasonable attorney fees.
Cote’s counsel argues that the Court should apportion plaintiffs’ attorney fees between the plaintiffs’ attorney hours spent on Cote’s c. 93A violation[4] as compared with plaintiffs’ attorney hours spent on the negligence claim against defendant Amitan and the c. 93A violations of the Lanz defendants. However, apportionment is not required where, as here, the c. 93A claims against all of the defendants were intertwined factually. See cases cited at p. 8 of plaintiffs’ Request for Attorney Fees. Here, where the Court has found that all of plaintiffs’ claims were intertwined factually, except possibly the negligence claim against Amitan (who was plaintiffs’ real estate attorney), the Court sticks with its previous decision[5] that the only apportionment reasonably practicable is to attribute one-sixth of the attorney fees incurred to the claim against her (who was not guilty of c. 93A violations) and the other five-sixths of the attorney fees jointly and severally to the other five named defendants who the Court finds conspired to mislead the plaintiffs in violation c. 93A.[6] As the Lanz defendants have now settled and the other c. 93A defendants have absconded or are judgment-proof, the Cote defendants are left holding that bag.
It is true, as the Cote defendants point out in their Opposition, that Cote was found by the jury to have intentionally engaged in deception as to only some, but not all, of the misinformation provided to plaintiffs concerning the condo unit and that the jury further found that plaintiffs had failed to prove that they had reasonably relied to their detriment on such misrepresentations. The Court has found, however, that plaintiffs may, nevertheless, have been influenced by the Cote misrepresentations in their decision to close on the unit,[7] and finds that these misrepresentations were part and parcel of the overall deception which resulted in plaintiffs purchasing a condo unit which they would not otherwise have purchased. In these circumstances, the Court concludes that the Cote defendants have not established any legitimate basis for an apportionment other than what the Court has already indicated.
It is also true that, because the jury concluded that plaintiffs had not relied to their detriment on Cote’s misrepresentations, the Court awarded only nominal damages of $25 against the Cote defendants, so that the damages trial, which determined plaintiffs’ actual damages which resulted from their mistaken purchase of the wrong condo unit, involved only the single remaining damages defendant, Amitan.[8] The Cote defendants therefore contend that plaintiffs’ attorney fees incurred as a result of the damages trial should not be awarded against them.
The facts of this case, however, give rise to the reasonable, if not inescapable, inference that all of Perception’s agents in the deal (including the Cote and the Lanz defendants, who were Perception’s realtors and attorneys) conspired to mislead the plaintiffs with the intention of having them close on the unit, and the Court so finds. It was all of the defendants’ combined wrongdoing which convinced plaintiffs to go though with the closing, which necessitated both trials.[9] The Court thus finds that in these circumstances, an allocation between the two trials of plaintiffs’ attorney fees would be unwarranted.
*542 Plaintiffs, in their Request for attorney fees and in their supporting Affidavit of Counsel, have requested attorney fees of $586,595. Applying the lodestar method approved by the Supreme Judicial Court, the Court finds that this amount is reasonable. In consideration of the factors set forth in Stowe v. Bologna, 417 Mass 199, 203-04 (1994), and Linthicum v. Archambault, 379 Mass. 381, 388-89 (1979), the Court finds that each of the factors weighs in favor of awarding the entire requested amount. Not only have defendants’ actions necessitated two lengthy jury trials, but the issues have been complex and difficult, and have been ably handled by experienced counsel.
Accordingly, the Court awards 5/6 of the total reasonable attorney fees of $586,594, or $488,829, to the plaintiffs against the Cote defendants.
2.BILL OF COSTS AGAINST AMITAN
Plaintiffs have filed a bill of costs against Amitan for $27,099.46. The Court agrees that most of the items totaling $14,037.90 as to which Amitan objects should be excluded for the reasons stated in defendant’s “partial objection,” except as to the disputed $2,437.95 witness fee. The fact that the parties agreed that, pending the outcome of the trial, each would pay for the other’s expert witness fees for depositions does not mean that, to the extent that plaintiff is obligated to pay such fee, it may not be included as an allowable cost. Accordingly, the Court disallows $11,599.95 of the claimed costs and awards costs against Amitan in the sum of $15,499.51.
3. BILL OF COSTS AGAINST THE COTE DEFENDANTS and BILL OF COST BY COTE DEFENDANTS and NRT NEW ENGLAND INC.
Plaintiffs request costs of $62,798.01 against the Cote defendants. These costs are separate and distinct from those awarded against Amitan. There never was a reasonable offer of settlement so as to justify an allocation of costs incurred before as opposed to those incurred after defendants’ response to plaintiffs’ c. 93A demand letter. Nor are the Cote defendants entitled to any apportionment of the c. 93A costs as between them and the Lanz defendants. As discussed above, all of the c. 93A defendants’ acts were intertwined and combined to cause plaintiffs’ injury.
As the actual damages against the Cote defendants ($25) were less than their offer of judgment, however, the Cote defendants are entitled to offset the amount of their own costs subsequent to their offer of judgment, which are $14,533.39.
Accordingly, costs are awarded to the plaintiffs against the Cote defendants in the sum of $48,264.62.[10]
4. MOTION OF DEFENDANT AMITAN FOR REDUCTION OF DAMAGES AWARD AS A RESULT OF SETTLEMENT BY CO-DEFENDANT
The Lanz defendants settled with the plaintiffs for $150,000, and Amitan moves to reduce the jury’s damage award against her ($576,385.32) by the amount of the $150,000 settlement. For the reasons stated in defendant’s motion, the Court agrees that the damage award against Amitan should be reduced by the entire amount of the settlement, as provided in M.G.L.c. 23 IB, §4.
Although it may be true that a judge may not be prohibited from apportioning a pretrial settlement among a plaintiffs various claims in some circumstances, see Thayer v. Pittsburgh-Corning Corp., 45 Mass.App.Ct. 435, 441 (1998), no case has been cited which requires a Court to do so, and G.L.c. 231B, §4, by its plain terms, would appear to indicate the contrary where, as here, all defendants contributed to the “same injury.” Accordingly, the damage award against Amitan is reduced to $426,385.32.
5.PLAINTIFFS’ APPLICATION FOR RULE 55(b)(2) DEFAULT JUDGMENT and ASSESMENT OF DAMAGES AGAINST PERCEPTION VENTURES, LLC
Although Perception did initially appear by counsel and answer the complaint, its counsel withdrew and it was defaulted on October 11,2006 for failure to have new counsel appear by October 10, 2006 as ordered by the Court. Since then, Perception has been entirely inactive in the case. New counsel did appear at the February 14, 2008 hearing on assessment of damages but did not object to the requested assessment or present evidence.
Accordingly, the Court assesses damages against Perception in the sum of $3,878,548.90 as sought by plaintiffs’ Application and as itemized in Oleg Batishchev’s affidavit filed in support of thereof.[11]
ORDER FOR JUDGMENT
Final judgment shall be entered for the plaintiffs against Brenda Cote, Coldwell Banker Residential Brokerage, and NRT New England Incorporated d/b/a Coldwell Banker Residential Brokerage, in the sum of $513,829[12] plus costs of $48,264.62 and interest.
Final judgment shall be entered against Natasha Amitan in the sum of $426,385.32[13] plus costs of $15,499.51 and interest.
Final judgment shall be entered against the defendant Perception Ventures LLC in the sum of $3,878,548.90 plus interest.

 Perception Ventures LLC.

See “Rulings and Findings of the Court with Respect to G.L.c 93A counts of the Complaint” dated June 7, 2007 [22 Mass. L. Rptr. 518], and “Memorandum and Order on Brenda Cote and New England Inc., Motion for Attorney Fees and Costs Pursuant to Rule 68,” dated September 24, 2007 [23 Mass. L. Rptr. 73].

The Lanz defendants subsequently reached a settlement with plaintiffs and thus are no longer in the case.

The jury found that Cote, acting as an agent of Coldwell Banker, intentionally misrepresented to the plaintiffs that there was no water infiltration problem in the building with the intention that plaintiffs rely thereon to their detriment. Although the jury also found that it was not proven that plaintiffs had reasonably relied therein to their detriment, the *543 Court nevertheless found that the Cote defendants had violated c. 93A. See footnote 2, supra.

“Memorandum and Order on defendants Brenda Cote and NRT New England Inc. Motion for Attorney Fees and Costs Pursuant to Rule 68" dated September 24, 2007 [23 Mass L. Rptr. 74],

See the Court’s September 24, 2007 “Memorandum and Order,” footnote 2, above [23 Mass. L. Rptr. 73].

See the Court’s June 7, 2007 decision, footnote 2 supra [22 Mass. L. Rptr. 518].

The Jury returned a verdict of $576,385.32 against Amitan.

The facts are succinctly and accurately summarized in the affidavit of Oleg Batishchev filed in support of plaintiffs “Application for Default and Assessment of Damages Against Perception Ventures, LLC.”

$62,798.01 less Cote’s allowable costs under Rule 68 of $14,533.59.

 ht appears, however, that Perception is probably judgment-proof.

$25,000 nominal damages plus $488,829 (5/6 of plaintiffs’ attorney fees).

The jury award of $576,385.32 less the $150,000 settlement.