STANTON L. BLACK & others[1] vs. COASTAL OIL NEW
ENGLAND, INC.

No. 01-P-714.

Suffolk. November 22, 2002. - March 31, 2003.

Present: GELINAS, COWIN, & McHUGH, JJ.

*Hazardous Materials. Massachusetts Oil and Hazardous Material Release
Prevention Act. Oil and Gas. Real Property,* Environmental damage. *Dam-
ages,* Hazardous waste contamination, Attorney's fees. *Practice, Civil,* At-
torney's fees, Costs. *Collateral Estoppel. Judgment,* Preclusive effect.

This court concluded that the doctrine of issue preclusion did not bar the
defendant's appeal of an award of attorney's fees and costs to the plaintiffs
in a civil action, where an earlier decision by this court in this matter did
not determine the proposition argued by the defendant on this appeal.
[699]
In a civil action arising from the contamination of the plaintiffs' property by
the defendant's corporate predecessor, the judge properly exercised his
discretion in determining reasonable attorney's fees and costs under G. L.
c. 21E, § 15, and in concluding that all fees and costs attributable to
unsuccessful claims for damage to realty brought pursuant to G. L. c. 21E,
§ 5, were identified and excluded from the award of fees and costs for
response cost claims brought pursuant to G. L. c. 21E, § 4; moreover, the
judge did not err in failing to reduce the award as an offset because the
case contained claims on which the plaintiffs did not prevail. [699-701]
This court concluded that G. L. c. 21E, § 15, authorizes the awarding of ap-
pellate fees and costs to a prevailing private party in a civil action involv-
ing contamination of property by hazardous material. [701-702]

CIVIL ACTION commenced in the Superior Court Department on
May 23, 1990.

Following review by this court, 45 Mass. App. Ct. 461 (1998),
a motion for attorney's fees and costs was heard by *Joseph A.
Grasso, Jr.,* J.

---

[1]Barry S. Stone, Arthur J. Epstein, Morton E. Ruderman, and Neil A.
Cooper, as they are general partners of Suffolk Square Associates III Limited
Partnership.

*Robert W. Thuotte* for the defendant.

*A. Neil Hartzell* for the plaintiffs.

COWIN, J. The plaintiffs, owners of industrial property in Malden, filed a complaint seeking damages from the defendant pursuant to G. L. c. 21E, the Massachusetts Oil and Hazardous Material Release Prevention Act, for contamination of their property by the defendant's corporate predecessor. See *Black* v. *Coastal Oil New England, Inc.* (*Black I*), 45 Mass. App. Ct. 461, 461-462 (1998). Following a bench trial in the Superior Court, judgment was entered awarding the plaintiffs $13,320.39 for response costs under G. L. c. 21E, § 4[2]; $2,190,000 for damage to their realty under G. L. c. 21E, § 5; and $246,035.48 in attorney's fees and costs under G. L. c. 21E, § 15. *Id.* at 462. After an appeal by the defendant, we affirmed the portion of the judgment for response costs under § 4; reversed the portion of the judgment for damage to the realty under § 5[3]; vacated the award of attorney's fees and costs under § 15; and remanded the case so that there could be a new determination of attorney's fees and costs to be awarded in light of the reversal regarding § 5 damages. *Id.* at 468. We concluded that "the plaintiffs are entitled to recover, pursuant to § 15, all costs and attorney fees related to their proof and recovery of § 4 response costs incurred by them. Because the record is not susceptible of separating the § 4 costs and fees from those incurred with respect to § 5, the matter of the plaintiffs' entitlement under § 15 must be resolved by the Superior Court." *Ibid.*

On remand, a judge of the Superior Court[4] rejected the defendant's contention that G. L. c. 21E, § 15, required a proportionality between a plaintiff's recovery and the fees

---

[2]The judge found that the plaintiffs had incurred response costs of $37,067.45, but that they had failed to comply with certain provisions of the Massachusetts Contingency Plan pertaining to preliminary assessments, see 310 Code Mass. Regs. § 40 (1988). He therefore limited the § 4 recovery to those costs that were incurred prior to the October 3, 1988, effective date of those provisions. *Black I, supra* at 462 n.3.

[3]The award under § 5 was reversed because, prior to the adoption of G. L. c. 21E, § 4A, see St. 1992, c. 133, § 294, damages could not be predicated solely on future cleanup costs. *Black I, supra* at 465. The plaintiffs' complaint had been filed in 1990. *Id.* at 462 n.2.

[4]The judge who rendered the ultimate fee award was not the trial judge, who had retired.

awarded, so that a fee award in this case could not exceed the $13,320.39 recovered by the plaintiffs under § 4. Concluding that a recovery under § 4 required that a plaintiff prove that the defendant· was a "person liable" under § 5(*a*), see *Mailman's Steam Carpet Cleaning Corp.* v. *Lizotte*, 415 Mass. 865, 873-874 (1993), and applying the criteria of *Linthicum* v. *Archambault*, 379 Mass. 381 (1979),[5] the judge found that the time expended by plaintiffs' counsel was fair and reasonable (with an exception not relevant to this appeal) with respect to the recovery of § 4 damages[6]; isolated that portion of the fees and costs attributable to § 5 claims; and entered no awards for the latter. Accordingly, he ordered that the defendant pay the following amounts: $157,752 in attorney's fees; costs of $10,036; and expert witness fees of $14,556.14, for a total award under § 15 of $182,344.14.

On appeal, the defendant concedes that "proportionality" of recovery and fees under G. L. c. 21E, § 15, is not mandatory. Rather, the defendant argues that the concept of "reasonableness" applicable to fee awards must embrace factors beyond merely those set forth in *Linthicum*.[7] Here, the defendant contends, the judge should have taken into account that (1) the plaintiffs pursued a meritless claim under § 5; (2) prosecution of that claim resulted in the incurring of significant legal expense by the defendant; and (3) the plaintiffs themselves violated the statutory scheme under which they sought relief (i.e., the Massachusetts Contingency Plan). Had these factors been taken into consideration, the defendant continues, "reasonable" fees and costs, see G. L. c. 21E, § 15, as inserted by St. 1986, c. 554, § 3, would represent no more than a small por-

---

[5]The *Linthicum* factors are: "the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the results obtained, the experience, reputation and ability of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases." *Linthicum* v. *Archambault*, 379 Mass. at 388-389.

[6]The defendant did not challenge counsel's hourly rates.

[7]The *Linthicum* decision must also be read in the light of *Fontaine* v. *Ebtec Corp.*, 415 Mass. 309, 325-326 (1993), embracing the lodestar approach and stating that "[a] fair market rate for time reasonably spent preparing and litigating a case is the basic measure of a reasonable attorney's fee under State law as well as Federal law."

tion of the total amount recovered by the plaintiffs on their § 4 claims. We agree with the analysis of the remand judge, and accordingly affirm.

1. *Issue preclusion.* Initially, we address the plaintiffs' claim that this appeal is barred by the doctrine of issue preclusion. The plaintiffs point to the statement in our earlier decision, see *Black I, supra* at 468, that they are entitled to recover "all costs and attorney fees related to their proof and recovery of § 4 response costs incurred by them." They argue therefrom that we have already adjudicated the contention, on which the defendant's appeal is based, that reasonableness requires a reduction in awardable fees and costs.

"The doctrine of issue preclusion prevents relitigation of an issue determined in an earlier action when the same issue arises in a later action, based on a different claim, between the same parties or their privies, and the determination was essential to the decision on the earlier action." *Salem* v. *Massachusetts Commn. Against Discrimination*, 44 Mass. App. Ct. 627, 639 (1998). We do not find that the defendant's proposition was in any way determined in the earlier decision. What was before the court was the question of an existing fee award rendered irrelevant by a reversal of a portion of the judgment on which that fee award was based. This necessitated a redetermination of fees and costs to be awarded in light of the conclusion that the plaintiffs were entitled to fees with respect to their claims under § 4, but not with respect to their claims under § 5. We intended no subliminal messages to the remand judge regarding what he should or should not do regarding determination of the award applicable to the § 4 claims. There has been no issue preclusion.

2. *Reasonable fees and costs under G. L. c. 21E, § 15.* On remand, the defendant appears to have argued that (1) the hours expended by the plaintiffs' counsel were excessive; and (2) regardless of the reasonableness per se of the hours expended, there must be a "proportionality" between the amount recovered and the fees and costs awarded. The judge found that the time expended by the plaintiffs' counsel was reasonable, given the need for discovery of facts from three decades earlier; the need for expert analysis and testimony; fourteen days of trial; and success in establishing the defendant's responsibility for the

contamination and the existence of response costs recoverable under § 4. The defendant, having chosen to litigate its liability for the contamination, is scarcely in a position to object to a reimbursement to the plaintiffs of expenses reasonably required to establish that liability. The judge appropriately exercised his discretion in deciding what constituted reasonable fees for these purposes in the light of the authorization of G. L. c. 21E, § 15, that fees may be awarded to a party, other than the Commonwealth, "who advances the purposes of this chapter." See *Sanitoy, Inc.* v. *Ilco Unican Corp.*, 413 Mass. 627, 633 (1992). The judge was also warranted in concluding that all fees and costs attributable to § 5 claims had been identified and excluded from the § 4 fee and cost award. Likewise, the judge correctly ruled that proportionality predicated on the amount recovered is not a requirement. This issue was laid to rest in *Sanitoy, supra.*

On appeal, the defendant veers off somewhat from the proportionality argument presented to the remand judge, advancing here the concept that the award of fees and costs under § 15 should be framed in a way that gives consideration to the allegedly baseless claim of the plaintiffs under § 5, as well as to their violation of the requirements of the Massachusetts Contingency Plan. Arguably, because the defendant apparently did not present its argument in this form to the remand judge, we would be justified in declining to address it. However, we think it is sufficiently embraced within the proportionality proposition to protect it from a charge of waiver, and we prefer to address the contention on the merits. We conclude that the judge correctly rejected the defendant's assertion.

General Laws c. 21E, § 15, provides that "[i]n any suit by Massachusetts residents to enforce the requirements of this chapter, or to abate a hazard related to oil or hazardous materials in the environment, the court may award costs, including reasonable attorney and expert witness fees, to any party other than the commonwealth who advances the purposes of this chapter." The statute applies to actions for reimbursement. *Sanitoy, Inc.* v. *Ilco Unican Corp., supra* at 631-633. We discern nothing in the statute, or in the cases that have construed it, that

calls for an offset against otherwise reasonable and recoverable fees and costs because the case contained other claims on which the plaintiffs did not prevail (or, given the statutory basis for authorizing fee-shifting, because there were claims that did not advance the purposes of G. L. c. 21E).[8] To the extent that the plaintiffs violated requirements of the Massachusetts Contingency Plan, they have been penalized already by a reduction in the damages available to them under § 4[9]; there is no logic in penalizing them again in the form of a reduced fee award. Even were we to assume that the plaintiffs' claims under § 5 were baseless,[10] a remedy is found in G. L. c. 231, § 6F, providing relief in the event of frivolous claims, or in Mass.R.Civ.P. 11(a), 365 Mass. 753 (1974), providing relief for unsupported pleadings. That remedy does not resurface to reduce fees and costs which a party would otherwise be awarded.

3. *Appellate fees and costs.* We conclude that G. L. c. 21E, § 15, authorizes the awarding of appellate fees and costs to a prevailing private party. See *Yorke Management* v. *Castro*, 406 Mass. 17, 19-20 (1989). In order to advance the purposes of c. 21E, the Legislature has provided for fee-shifting. It could not have been the Legislature's intention that a party incur unreimbursable expenses in order to retain in appellate litigation a fee award that has already been rendered. The plaintiffs may ap-

---

[8]Complete consistency with cognate Federal legislation may be desirable, but is not possible here. The Federal Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601 et seq. (1995), does not provide for recovery of attorney's fees and costs in private cost-recovery actions. See *Key Tronic Corp.* v. *United States*, 511 U.S. 809, 818-819 (1994); *Martignetti* v. *Haigh-Farr, Inc.*, 425 Mass. 294, 321 (1997). Other Federal fee-shifting statutes construed to give emphasis to the degree of success achieved by the prevailing party, see, e.g., *Hensley* v. *Eckerhart*, 461 U.S. 424, 436 (1983) (construing fee-shifting provision in 42 U.S.C. § 1988), are inapplicable in the contamination cleanup context. General Laws c. 21E, § 15, as interpreted in *Sanitoy, supra,* controls here. See *Martignetti* v. *Haigh-Farr, Inc., supra* at 321-322.

[9]See note 2, *supra.*

[10]Such an assumption would be difficult to support in light of the fact that the plaintiffs originally prevailed in the Superior Court on their § 5 claims. See *Guaranty-First Trust Co.* v. *Textron, Inc.*, 416 Mass. 332, 336 (1993), a decision that perhaps justifies the plaintiffs' expectation that they could recover the costs of restoring the property.

ply for an award of appellate fees and costs by following the procedures set forth in the *Yorke Management* decision.

*Judgment after remand
affirmed.*