Cosgrove, Robert C., J.
LaPointe, the owner of property at 77 East Street in Abington, filed this action pursuant to Chapter 2 IE to recover from the defendants the cost of remediating oil contamination discovered there. Following a jury verdict in its favor against defendant Joseph Kelliher (“Kelliher”), LaP-ointe moves for the entry of judgment, including a statutory award of $208,294.49 in attorneys fees and costs, plus expert fees and other costs.
Background
Kelliher previously owned and operated an oil distribution facility at 77 East Street. In accordance with G.L.c. 21E, §4A, by letter dated October 13, 2005, LaPointe notified Kelliher that he was responsible for response costs and requested that he reimburse or equitably share in the cost of remediating the property. Kelliher failed to respond to this demand and refused to participate in pre-lawsuit settlement negotiations. On December 1, 2005, LaPointe filed this action against Kelliher and two other defendants. The other two defendants settled with LaPointe prior to trial. This Court granted Kelliher’s motion for a directed verdict on LaPointe’s nuisance and trespass claims, and sent the Chapter 2 IE and negligence claims to the jury. On August 1, 2011, the jury returned a special verdict finding that Kelliher was not negligent but that Kelliher’s conduct was a substantial contributing factor to the release of oil or hazardous materials at the property which led to LaPointe’s response costs.
Discussion
I. Motion for Entry of Judgment
The parties stipulated that LaPointe incurred reasonable and necessary response costs in the amount of $210,441.78, and Lapointe moves for the entry of judgment in that amount. Kelliher objects on the ground that this Court is required to equitably apportion the damages between himself and the plaintiff. Pursuant to G.L.c. 2IE, §4, “[i]f two or more persons are liable pursuant to section 5 for [a] release or threat of release, each shall be liable to the others for their equitable share of the costs of such response action.”
However, the fact that a plaintiff is liable under §5 by virtue of its status as current owner does not automatically mean that it must share the responsibility for response costs. Martignetti v. Haigh-Farr, Inc., 425 Mass. 294, 309 n.28 (1997). Section 4 requires the assignment of degrees of culpability to parties who are, by the terms of §5, strictly liable without regard to fault. Id. at 314. The factfinder must conduct an assessment based on equitable considerations including but not limited to: the degree of care exercised by the parties with respect to the hazardous material concerned; the degree of involvement by the parties in the generation, storage or disposal of the hazardous materials; the amount of hazardous materials involved and how they were released into the environment; the knowledge and/or acquiescence of the parties in the contaminating activities; the relative fault of the parties in causing the release of hazardous materials; and the period of time each of the parties actually owned or operated the site in relationship to when the releases occurred. Id.
Assuming that LaPointe may be deemed the current owner of the property for purposes of §5[2] the trial was devoid of evidence that LaPointe had any involvement in the generation, storage or disposal of the oil, or bore any fault or responsibility for a release. Moreover, *443 whether LaPointe conducted due diligence with respect to possible environmental contamination prior to purchasing the property is not a relevant consideration. Accordingly, there is no basis to equitably allocate any portion of the response costs to the plaintiff prior to the entry of judgment. Cf. id. at 296-97, 305 (30% of response costs allocated to current owner who was aware of tenant’s ongoing use and storage of hazardous waste on site and was negligent with respect to care and maintenance of underground storage tank).
II. Motion for Attorneys Fees and Costs
Lapointe seeks an award of $208,294.49 in attorneys fees and costs; $4,178.50 in experts’ fees; and $4,136.75 in deposition and litigation costs. Pursuant to G.L.c. 2IE, §4A:
(a) Any person . . . who has undertaken ... a necessary and appropriate response action ... may notify any person he reasonably believes is liable pursuant to section five that the response action has been taken ... or of the notifier’s intent to . . . seek contribution, reimbursement or equitable share , from other persons, and that the notifier requests the person to whom the notice is being sent... to make contribution or reimbursement or pay its equitable share of the costs of such response action or other liability pursuant to the provisions of this chapter.
(d) In any civil action in which a claim ... is filed pursuant to section four or this section, the court shall award contribution, reimbursement or the equitable share of liability for which one or more other parties is found to be responsible, if any. In addition, the court shall award the plaintiff its litigation costs and reasonable attorneys fees if the plaintiff shows, and the court finds, that the person against whom the civil action is brought is liable and:
(1) failed without reasonable basis to make a timely response to a notification pursuant to this section, or
(2) did not participate in negotiations or dispute resolution in good faith, or
(3) failed without reasonable basis to enter into or carry out an agreement to perform or participate in the performance of the response action on an equitable basis or pay its equitable share of the costs of such response action or of other liability pursuant to the provisions of this chapter, where its liability was reasonably clear.
Further, pursuant to G.L.c. 21E, §15:
In any suit by Massachusetts residents to enforce the requirements of this chapter. . . the court may award costs, including reasonable attorney and expert witness fees, to any party other than the commonwealth who advances the purposes of this chapter.
Here, Kelliher, whose liability was reasonably clear, failed without reasonable basis to timely respond to the demand letter, participate in negotiations, or pay his equitable share of such response action. Accordingly, LaPointe is entitled to an award of attorneys fees pursuant to §4A. In addition, because there was no evidence that LaPointe contributed to or caused in any way the contamination of the property, it has advanced the purposes of the statute and may be awarded attorneys fees under §15. See Bank v. Thermo Elemental, Inc., 451 Mass. 638, 668 (2008); Martignetti v. Haigh-Farr, Inc., 425 Mass. at 320-21.
LaPointe, who is represented by Shepard J. Johnson, Jr. & Associates, P.C., seeks $208,294.49 in attorneys fees and costs. The amount of a fee award under Chapter 2 IE lies in the sound discretion of the trial judge. Sanitoy, Inc. v. Ilco Unican Corp., 413 Mass. 627, 633 (1992). Generally, however, the court should employ the lodestar method, under which the basic measure of reasonable fees is the fair market rate for the time reasonably spent preparing and litigating a case. Id. at 634; Linthicum v. Archambault, 379 Mass. 381, 388 (1979). In evaluating the fair market rate, the court should consider the experience, reputation, and ability of the attorney; the usual price charged for similar services by other attorneys in the same area; and the amount of awards in similar cases. Sanitoy, Inc. v. Ilco Unican Corp., 413 Mass. at 634; Linthicum v. Archambault, 379 Mass. at 388-89. In determining whether the documented time was reasonably spent, the judge should consider the nature of the case and the issues presented, the time and labor required, the amount of the damages involved, and the result obtained. Sanitoy, Inc. v. Ilco Unican Corp., 413 Mass. at 634.
According to the affidavit of counsel, the hourly rate for lead trial counsel, Shephard Johnson, was $250 from 2004 to August 2007; $275 from August 2007 to June 12, 2008; and $300 from June 13, 2008 to the present. Johnson concentrated on overall case strategy; supervising the preparation of pleadings, discovery, and motions; preparation of fact and expert witnesses; and serving as lead litigator. The hourly rate for Attorney Ethan Jessup was $140 from October 25,2005 to December 7, 2005, and $160 from December 8, 2005 to June 13, 2006. The hourly rate for Attorney James Marsh was $160 from July 29, 2005 to June 20, 2007; $175 from July 3, 2007 to March 27,2008; $190 from March 28,2008 to June 12,2008; $210 from June 13, 2008 to December 30, 2010; and $225 from January 1,2011 to the present. Jessup and Marsh concentrated on legal research and discovery. Marsh was also responsible for trial preparation, trial-related motions, and jury-related matters. Kelliher does not object to the hourly rates of the attorneys involved, and this Court finds them to be reasonable *444 for attorneys practicing in the specialized area of environmental law.
Nor does Kelliher specifically challenge the number of hours expended by each attorney. Johnson, as lead litigator, spent 269.90 hours on this case. Jessup spent 29.90 hours on this case, while Marsh spent 576.05 hours. The hours expended by plaintiffs counsel are reasonable in light of the issues raised by the case, the length of trial, and the fact that LaPointe successfully recovered the full amount of the response costs sought.[3]
Kelliher makes a general objection to the effect that his own counsel, although not involved since the beginning of the case and admittedly earning a lower hourly fee, has records justifying a fee award of only $50,000. This objection lacks merit, given the difference between prosecuting and defending a case, and the utter lack of information about the hourly rate of Kelliher’s counsel and the tasks performed by him. See Twin Fires Investment, LLC v. Morgan Stanley Dean Witter & Co., 445 Mass. 411, 429 (2005) (party opposing award of fees must raise specific objections to its reasonableness and will not prevail based on conclus-oiy opposition to fee petition).
Kelliher further objects that “Trial Exhibit 2 reflects an item of attorney fees for response costs in excess of $20,000.00. It is unclear whether those fees are included in the plaintiffs motion.” Trial Exhibit 2 is the parties’ stipulation with respect to $210,441.78 in reasonable and necessary response costs. The Exhibit 2 response cost breakdown includes $20,509 paid to LaPointe’s counsel, Shepard S. Johnson, Jr. & Associates, P.C., for “Legal services that qualify as response actions under c. 21E/MCP and case law.” Work by lawyers which is undertaken to manage a response action may be recovered under G.L.c. 2 IE, §4 as response costs, as distinguished from work related to the conduct of litigation, which is recoverable only as attorneys fees under §4A and §15. Bank v. Thermo Elemental Inc., 451 Mass. at 660. Trial Exhibit 2 does not include any attachments itemizing the $20,509 in legal services sought as response costs. Accordingly, this Court cannot determine the extent to which, if any, the fees sought in the petition under §4A and § 15 are duplicative of fees already sought and recovered by LaPointe under §4.
However, the itemized billing records submitted in support of LaPointe’s petition include approximately 18 pages of billing entries prior to 10/25/05, when counsel began working on filing a lis pendens and drafting the complaint in this matter. Many of these entries involve activities such as reviewing and analyzing the reports of GEC, LaPointe’s environmental consultant, consulting with GEC, and drafting a response action demand letter against other responsible parties. These entries appear to represent the types of activities which are so closely tied to the cleanup of the property as to be recoverable as response costs under §4. The party seeking a statutoiy award of attorneys fees is obligated to submit sufficient documentation to enable the court to evaluate the hours spent on particular aspects of the case or the precise nature of the work. Twin Fires Investment, LLC v. Morgan Stanley Dean Witter & Co., 445 Mass. at 428. LaPointe has not enabled this Court to determine whether there is duplication between the $20,509 in attorneys fees recovered as §4 response costs and the fees sought in the §4A and §15 petition. Accordingly, this Court, in its discretion, will deduct $20,509 from the total fee award.
Kelliher also objects that because there were initially two other defendants involved in this action, some of the attorneys fees and costs sought are attributable to those defendants and should not be assessed against him. Kelliher thus appears to argue for a general apportionment of the fees. Although G.L.c. 2IE, §4 provides for pro rata apportionment of response costs among liable parties, a plaintiff is entitled to recover the full amount of its reasonable attorneys fees under §15, and it is error for the court to limit the fees awarded to the percentage of response costs recovered against a particular defendant. Sanitoy, Inc. v. Ilco Unican Corp., 413 Mass. at 633. Cf. Black v. Coastal Oil N.E., Inc., 57 Mass.App.Ct. 696, 701 (2003) (§15 does not require proportionality predicated on amount recovered from defendant). Accordingly, the presence of two other defendants in this case does not mandate a proportional reduction of the attorneys fees awarded against Kelliher.
However, Kelliher validly protests that he should not be responsible for attorneys fees incurred solely in prosecuting the claims against the settling defendants, Kelliher Bros. Oil Sales, Inc. and Patrick Kelliher d/b/a O’Brien’s Oil Service. Kelliher notes that the itemization of attorneys fees sought contains a multitude of entries relating to discoveiy, summary judgment, and settlement negotiations which are clearly attributable solely to other defendants. After scrutiny of the fee records, this Court has identified over 100 entries which pertain only to Kelliher Bros, and/or Patrick Kelliher d/b/a O’Brien’s Oil Service.[4] This Court, in its discretion, will deduct these fees, which total $17,419, from the statutoiy award.[5]
LaPointe seeks $6,406.52 in costs and disbursements, including photocopies, postage, telephone charges, filing fees, constable fees, and travel charges. Kelliher raises no objection to this aspect of the fee petition, and the sums itemized are reasonable. Accordingly, LaPointe is entitled to recover a total of $170,366.49 in attorneys fees and costs pursuant to G.L.c. 21E, §4A and §15.[6]
Finally, LaPointe seeks to recover $4,178.50 in expert fees and costs, and $4,136.75 in deposition fees and costs under Chapter 2 IE. Where a statute authorizes an award of expert fees, the judge has discretion in the amount of the award, and should consider *445 factors such as the degree of learning and skill possessed by the expert, preparation time, the number of appearances, time spent by the expert in testifying, and the assistance such testimony provided to the trier of fact. Maillet v. ATF-Davidson Co., 407 Mass. 185, 194 (1990) (award of expert fees under 93A); Linthicum v. Archambault, 379 Mass. at 390 (same). As with attorneys fees, a plaintiff seeking expert witness fees should provide an affidavit with a breakdown of cost figures. Maillet v. ATF-Davidson Co., 407 Mass. at 195, n. 15. However, in determining reasonableness, the judge may also rely on his observations at the trial of the expert’s qualifications, testimony, and role in the plaintiffs case. Maillet v. ATF-Davidson Co., 407 Mass. at 194-95. LaPointe’s expert, Samuel Butcher of GEC, is a licensed site professional with a bachelor’s degree in geology from Skidmore College and a master’s degree in geological science from Brown University. His testimony at trial was essential, and the amount of fees and costs sought are reasonable in light of his expertise and role in the case. Accordingly, this Court, in its discretion, awards LaPointe $4,178.50 in expert fees and costs.
Finally, LaPointe seeks to recover $4,136.75 in deposition fees and costs. This sum, to which Kelliher lodges no objection, is reasonable and shall be awarded.
Order
For the foregoing reasons, it is hereby Ordered that judgment enter for plaintiff Glen R. Lapointe, Inc. on Count I of the Amended Complaint (M.G.L.c. 21E, §§4, 4A, 5 & 15) against defendant Joseph J. Kelliher in the amount of $120,441.78 ($210,441.78 less $90,000.00 credited from the plaintiffs pretrial settlement with codefendants). It is further Ordered that Plaintiffs Motion for Attorneys Fees Pursuant to M.G.L.c. 21E be Allowed in the amount of one hundred and seventy-eight thousand, six hundred and eighty-one dollars and seventy-four cents ($178,681.74).
It is Ordered that judgment enter in favor of defendant Joseph J. Kelliher on Count II of the Amended Complaint (negligence).
The clerk’s office shall seal and retain the billing records submitted (with Kelliher’s consent) for in camera examination by Shepard J. Johnson, Jr. & Associates, P.C., for sixty days from the entry of judgment, or until the conclusion of any appeal, whichever is later. They shall then be returned.

There was some evidence at trial that LaPointe actually purchased the property through a corporate entity, Musterfield Investments, LLC.

Kelliher does not argue that the award should be reduced to account for LaPointe’s lack of success on the nuisance, trespass, and negligence claims. See Black v. Coastal Oil N.E., Inc., 57 Mass.App.Ct. 696, 701 (2003) (§15 does not require reduction in attorneys fees because case contained §5 claim on which plaintiff did not prevail). In any event, those claims were factually intertwined with the successful response costs claim.

These entries begin in November of 2005 and end in March of 2011 with the settlement.

This Court has not deducted any fee entry which is ambiguous or which pertains to both defendant Joseph Kelliher and one or more settling defendant.

Plaintiff s request for an order of prejudgment interest on the attorneys fees award must be denied. See Osborne v. Biotti, 404 Mass. 112, 116 (1989) (neither General Laws nor rules of civil procedure suggest that attorneys fees award should bear interest); Patry v. Liberty Mobilehome Sales, Inc., 394 Mass. 270, 273 (1985); International Totalizing Systems, Inc. v. PepsiCo, Inc., 29 Mass.App.Ct. 424, 437, rev. den., 408 Mass. 1105 (1990) (interest on award of attorneys fees under Chapter 93A runs from entry of judgment, not filing of complaint); Wojtkowski v. Cade, 725 F.2d 127, 129 (1st Cir. 1984) (Mass, interest statutes do not authorize prejudgment interest on award of attorneys fees under 42 U.S.C. §1988).